## ISAAC RIDDICK v. RICHMOND CEDAR WORKS.

(Filed 17 September, 1947.)

**1. Master and Servant § 40d—**

    Claimant was employed as a lumber-piler and was instructed to stay away from the saws, but there was evidence that on the day of his injury he was instructed to leave his regular job and to perform some work in the vicinity of one of the saws, and that while waiting at the place designated he started to assist another employee, in the absence of the regular sawyer, in cutting off a board, and suffered an injury when his hand came in contact with the saw. Two men were usually required to operate the saw. *Held:* The evidence was sufficient to sustain the finding of the Industrial Commission that the injury arose out of and in the course of his employment.

**2. Master and Servant § 55d—**

    A finding of fact of the Industrial Commission is conclusive on appeal if supported by evidence notwithstanding that the evidence upon the entire record might also support a contrary finding.

APPEAL by defendant from *Frizzelle, J.,* at November Term, 1946, of GATES.

Proceeding under Workmen's Compensation Act to determine liability of defendant, employer and self-insurer, to plaintiff, injured employee.

After making the jurisdictional determinations the Industrial Commission found that claimant, a Negro boy 18 years of age, was employed

by the defendant at its lumber plant in Gates County. He was not employed to do any sawing, and in fact had been warned to stay away from the saws. Nevertheless, on 2 May, 1945, "he was directed to leave his regular job and to perform some work in the vicinity of one of the saws," and while waiting around the place in the absence of the regular sawyer, he started to assist another employee in cutting off a board and suffered an injury when his hand came in contact with the saw. Two men were usually required to operate the saw, and claimant undertook to help in the absence of the regular operator.

There was an award by the Industrial Commission which was affirmed on appeal to the Superior Court. From this latter ruling, the defendant appeals, assigning errors.

*Walter G. Edwards for plaintiff, appellee.*
*John H. Hall for defendant, appellant.*

STACY, C. J. The correctness of the award is challenged on the ground that claimant had departed from the work he was employed to do at the time of his injury. *Davis v. Veneer Corp.,* 200 N. C., 263, 156 S. E., 859; *Parrish v. Armour,* 200 N. C., 654, 158 S. E., 188. Even so, he was instructed on the day of the accident to leave his regular job and to do some work in the vicinity of one of the saws. "Whatsoever thy hand findeth to do," was apparently within the purview of this instruction. In compliance, the claimant, in the absence of the regular sawyer, undertook to assist another employee in cutting off a board. The fact that he was not actually engaged in' the performance of his duties as lumber-piler at the time of the injury would not perforce defeat his claim for compensation. *Brown v. Aluminum Co.,* 224 N. C., 766, 32 S. E. (2d), 320. He was doing "some work" in the vicinity of one of the saws, pursuant to instructions from his superior. This suffices to repel the motion to dismiss. *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; *Pickard v. Plaid Mills,* 213 N. C., 28, 195 S. E., 28; *Gordon v. Chair Co.,* 205 N. C., 739, 172 S. E., 485; *Bellamy v. Mfg. Co.,* 200 N. C., 676, 158 S. E., 246.

As a dernier resort, the defendant says that notwithstanding the determination of the Industrial Commission, the record as a whole impels the conclusion of a noncompensable injury. To accept this view would be to reject the inferences which support the fact-finding body. *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310. Where the record is such as to permit either finding, the determination of the Industrial Commission is conclusive on appeal. *Hegler v. Mills Co.,* 224 N. C.,

669, 31 S. E. (2d), 918; *Fields v. Plumbing Co.,* 224 N. C., 841, 32 S. E. (2d), 623.

The result is an affirmance of the judgment below.

Affirmed.