FOSTER RICE (EMPLOYEE) v. THOMASVILLE CHAIR COMPANY, SELF-INSURER (EMPLOYER-CARRIER).

(Filed 12 June, 1953.)

**1. Master and Servant § 40g—**

Evidence tending to show that plaintiff employee felt a sharp pain in his groin while exerting himself in the course of his employment on a Friday afternoon, that painful swelling shortly followed, and that on Wednesday of the following week the doctor found an impulse which he diagnosed as hernia, but waited several days for the development of the hernia to be

absolutely sure, *is held* sufficient to sustain the finding of the Industrial Commission that the injury was compensable under G.S. 97-2 (r).

**2. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence even though the evidence might support contrary findings. G.S. 97-86.

Appeal by defendant from *Rudisill, J.,* at February Civil Term, 1953, of Davidson.

Proceeding under Workmen's Compensation Act to determine liability of defendant, self-insurer, to plaintiff, employee.

The pertinent phases of the evidence may be summarized as follows: On 15 June, 1951, the plaintiff was helping push a truck of gum lumber, weighing about five tons, on a track leading into the dry kiln at defendant's plant. Ordinarily eight men did the pushing; this time only five were doing it. The men were pushing with their backs against the lumber. They were having difficulty moving the truck. It had stalled momentarily. Whereupon, as the plaintiff testified: "We backed up there, trying to get a good start, and said 'let's go, boys, and give it all we got,' and when I did that, my left foot slipped and I went down . . . I felt a sharp pain there in my left groin after I slipped. . . . like somebody cut me with a knife, . . . After it happened, I got kind of dizzy and sick on the stomach." The plaintiff told his fellow employees at the time that he was hurt.

The incident occurred on Friday afternoon around 4:20 or 4:30 o'clock. Plaintiff continued to work that day, but that night at home observed his left side was swollen. He returned to work Monday of the following week, but, thinking "it was something that would clear up," he made no report to his employer until Wednesday, 20 June, 1951. He was sent that day to Dr. R. L. McDonald, who made an examination of his inguinal ring. Dr. McDonald found the plaintiff tender in the left inguinal region and discovered an impulse on coughing. He examined the plaintiff again on 3 August, 1951, at which time he found a definite hernia mass. The plaintiff was operated on by Dr. McDonald on 8 August, 1951, and was pronounced able to return to work six weeks thereafter.

Dr. McDonald testified in part: "I examined him (on 20 June, 1951) and he was acutely tender in his groin; had a small impulse on coughing. Due to the smallness of it and tenderness, I told him to return to work and let me check him again in a week. Approximately two weeks later I saw him, and at that time a definite hernia had developed. He was less tender, and I advised surgery, . . . My records show that I diagnosed it (as hernia) the first time I saw him, . . ." Dr. McDonald further stated that in his opinion it was of recent origin. He testified: "When I first

saw the plaintiff, there was tenderness and swelling in the region. It is a fact that when a hernia develops it may take several days for the intestine to protrude there through. I stated a moment ago that my first observation of him I had a definite opinion that there was a hernia and I merely waited for it to develop to be absolutely sure."

The plaintiff testified in part: "I have never had a pain in that particular region before (referring to the pain which struck him the day of the incident). . . . Never had a pain, never had a doctor until Dr. McDonald dressed my wounds. Never had a swelling in that place before. . . . I did not injure myself from that time until the day I was operated on. Just gradually got worse and worse. The swelling never did go down."

The Industrial Commission found and concluded "that the plaintiff's claim for hernia meets the requirements set forth in G.S. 97-2 (r)," and awarded compensation.

The pertinent findings of fact of the hearing Deputy Commissioner, as affirmed and adopted on review by the Full Commission, may be summarized as follows: That the incident described constituted an injury by accident arising out of and in the course of the plaintiff's employment, which resulted in a hernia or rupture; that a hernia or rupture appeared suddenly; that it was accompanied by pain; that the hernia or rupture immediately followed an accident; and that the hernia or rupture did not exist prior to the accident for which compensation is claimed.

On appeal to the Superior Court the award was affirmed. From this latter ruling, the defendant appeals, assigning errors.

*W. H. Steed for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

Johnson, J. The statute, G.S. 97-2 (r), provides:

"In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Industrial Commission:

"First. That there was an injury resulting in hernia or rupture.

"Second. That the hernia or rupture appeared suddenly.

"Third. That it was accompanied by pain.

"Fourth. That the hernia or rupture immediately followed an accident.

"Fifth. That the hernia or rupture did not exist prior to the accident for which compensation is claimed."

The defendant challenges the sufficiency of the evidence to support the determinative findings and conclusions of the Commission. In particular, the defendant urges that the evidence does not support the finding that

the hernia was the result of an accident; but, if so, and in any event, that the evidence does not sustain the finding that the hernia appeared suddenly or immediately following the accident.

A study of the record leaves the impression that the findings and conclusions are supported by the evidence. The crucial evidence is the plaintiff's testimony that the incident was accompanied by a sharp pain in his groin followed shortly by a swelling, and the opinion given by Dr. McDonald that the impulse which he found upon his first examination was in fact a hernia. *Moore v. Sales Co.,* 214 N.C. 424, 199 S.E. 605; *Ussery v. Cotton Mills,* 201 N.C. 688, 161 S.E. 307.

Under the Workmen's Compensation Act the Industrial Commission is made the fact-finding body, and the rule is, as fixed by statute and the uniform decisions of this Court, that the findings of fact made by the Commission are conclusive on appeal, both in the Superior Court and in this Court, when supported by competent evidence. G.S. 97-86; *Fox v. Mills,* 225 N.C. 580, 35 S.E. 2d 869; *Hildebrand v. Furniture Co.,* 212 N.C. 100, 193 S.E. 294; *Nissen v. Winston-Salem,* 206 N.C. 888, 893, 175 S.E. 310. This is so, even though the record may support a contrary finding of fact. *Riddick v. Cedar Works,* 227 N.C. 647, 43 S.E. 2d 850; *Hegler v. Mills Co.,* 224 N.C. 669, 31 S.E. 2d 918.

The judgment below is

Affirmed.