RICHARD L. DUNTON, SR., EMPLOYEE v. DANIEL CONSTRUCTION CO., EMPLOYER; AMERICAN MOTORISTS INSURANCE CO., CARRIER

#### No. 735IC480

(Filed 25 July 1973)

**Master and Servant § 65— disc injury — whether result of accident**
     The evidence was sufficient to support the Industrial Commission's determination that plaintiff suffered a disc injury by "accident" where it tended to show that plaintiff was installing a stand on a steel beam some 70 feet above the ground, that plaintiff was seated on the beam and was using a hammer and bull pin to align the holes in the stand with holes in the beam, that plaintiff had to lean under the beam and drive the bull pin upward through holes in the beam, that plaintiff felt a pain in his back when he attempted to bring his body to an upright position, that the normal bolting up operation requires driving bolts from the side, and that plaintiff had driven a pin from a position under a beam only on rare occasions in the past.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission filed 13 February 1973.

Plaintiff claims benefits under the Workmen's Compensation Act for injuries sustained on 6 March 1972 while he was employed by defendant, Daniel Construction Company. The appropriate jurisdictional facts were stipulated by the parties including the average weekly wage of plaintiff. Commissioner Stephenson denied plaintiff's claim on 21 July 1972. Review before the full Commission on 9 November 1972 resulted in reversal of the ruling of Commissioner Stephenson and awarded plaintiff compensation for temporary total disabiltiy as provided by statute.

Plaintiff's evidence tended to show the following. On 6 March 1972 he was employed by defendant construction company as an "iron worker" and was performing a "bolting up" operation. This job required plaintiff to drive a "bull pin" into four holes of a horizontal steel beam in order to align the bolt holes with those of a vertical beam. The work was being performed approximately 70 or 75 feet from the ground. It was necessary for plaintiff to place his feet in the flange of the horizontal beam and to lean out and drive the pin upwards into the vertical beam from underneath the horizontal beam. Plaintiff testified. " . . . I was sitting on the beam with my feet up leaning down underneath the beam and driving the bolt pin up with a hammer into the holes to force the holes to line up. I was leaning down at the waist, down under the beam, and twisted so that I could see up where I was driving the bull pin. When I completed driving the bull pin I pulled myself back in order to get up to go get some more bolts when I felt the pain. I felt the pain as I was coming in from underneath the beam from the bent position to a straight position. That is, as I was drawing back up." The normal bolting up operation requires driving from the side. On cross-examination, plaintiff testified that what he was doing on that particular date was " . . . unusual to the extent that normally you drive the bull pin vertical or horizontal, and where the stand was going to sit on the beam, I had to go extremely down under to beat it up." Plaintiff indicated that he had driven a pin in this position on rare occasions prior to the date in question. Expert medical testimony showed plaintiff suffered from a bulging lumbar intervertebral disc which could have been caused by the straining position described by plaintiff. The disc has been surgically removed and plaintiff

Dunton v. Construction Co.

was under the care of a doctor and had not reached maximum improvement as of the date of the hearing.

Defendants offered no evidence.

*Parker, Mazzoli, Rice and Myles by Charles E. Rice III for plaintiff appellee.*

*Cockman, Alvis, Akins & Aldridge by John E. Aldridge, Jr., for defendant appellants.*

VAUGHN, Judge.

The sole question presented is whether the evidence supports the finding that plaintiff sustained an injury by "accident" within the meaning of the Workmen's Compensation Statute, G.S. 97-2(6), and as defined by the North Carolina Supreme Court. "To sustain an award of compensation in ruptured or slipped disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. . . . Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109.

In *Edwards v. Publishing Co.,* 227 N.C. 184, 41 S.E. 2d 592, plaintiff suffered a ruptured disc when he was required to lift a plate weighing between 40 and 50 pounds from the floor and, twisting to his right, hand it to a pressman. The Court held that, "[t]he evidence of the sudden and unexpected displacement of the plaintiff's intervertebral disc under the strain of lifting and turning as described lends support to the conclusion that the injury complained of should be regarded as falling within the category of accident, rather than as the result of inherent weakness, or as being one of the ordinary and expected incidents of the employment." In *Keller v. Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342, claimant suffered a ruptured disc when he removed a rock from a ditch he was digging. Removal of the rock required a twisting movement which increased the intensity of the stress on the vertebrae. The Court approved a finding of the Commission that claimant had sustained an injury by accident.

In the present case the evidence indicated that plaintiff was sitting on the beam and "leaning down underneath the beam

and driving the bolt pin up with a hammer. . . " to force the bolt holes into alignment. Plaintiff's testimony was that this particular activity was an unusual one to the extent that he "had to go extremely down under to beat it up" and that it was a rare occasion that demanded that a pin be driven in this position. There was no evidence suggesting plaintiff suffered from inherent back weakness.

The findings of fact made by the Commission include the following.

"2. On March 6, 1972, plaintiff was working on a steel beam seventy to seventy-five feet above the ground, installing a stand on the beam. He was using a hammer and a 'bull pin' to align up the holes in the stand with the holes in the beam. Plaintiff was seated on the beam facing the stand with one foot on the flange on each side of the beam. The four holes which had to be aligned were under the beam on which he was seated, so that he had to lean over and drive the bull pin upward through the holes under the beam. It was only on rare occasions in the course of plaintiff's work that he had to lean over and align holes from underneath as he was doing on this date. At approximately 10:00 a.m. on this date, after plaintiff had his body in the position above described and after he had aligned the four holes with the hammer and bull pin, he attempted to bring his body to an upright position, and when he attempted to rise up, he felt a pain in his back. He immediately went to his foreman, reported the incident and was sent to the First Aid Department. His back pain became so great that he had to stop work completely at noon on that date. He has done no work and earned no wages since March 6, 1972, by reason of his back problem.

\*      \*      \*

4. Plaintiff did, at the time complained of, sustain an injury by accident."

The Commission concluded that plaintiff did "sustain an injury by accident arising out of and in the course of his employment."

We hold that the evidence was sufficient to support the findings and conclusions of the Commission and to support its award.

Affirmed.

Judges BRITT and HEDRICK concur.