JAMES BURGESS McMAHAN, EMPLOYEE v. HICKEY'S SUPERMARKET, AND IOWA MUTUAL INSURANCE CO., EMPLOYER AND CARRIER

No. 7424IC813

(Filed 4 December 1974)

**Master and Servant § 65— workmen's compensation — hernia sustained while lifting dog food**

Evidence was sufficient to support findings of fact and conclusions by the Industrial Commission that plaintiff employee suffered an in-

jury by accident arising out of and in the course of his employment with defendant grocery store when he sustained a hernia as he lifted a case of dog food and placed it in a customer's car.

APPEAL by defendant from an award of the North Carolina Industrial Commission filed 24 June 1974.

The parties stipulated that they were subject to the Workmen's Compensation Act, the employment relationship and the employees' average weekly wage.

Pertinent findings and conclusions of the Commission are as follows:

### "FINDINGS OF FACT

1. Plaintiff is a white married male age 21 and was on September 23, 1972 and three months prior thereto became employed by the defendant as a stock clerk and bag boy.

2. On September 23, 1972 about 11:30 a.m. the plaintiff was stocking the shelves in the defendant employer's stock room. He had been doing this all the morning. He was asked to deliver a case of dog food to a customer's car from the stock room. This case of dog food was not in the same bin as the other dog food but flat on the floor. On the occasion in question plaintiff reached down and picked up the case of dog food off the floor at which time he felt a stinging pain in his left groin. Plaintiff then put the box on another box and waited three or four minutes before he picked it up again. He then carried the box of dog food out to a customer's car and put it on the back seat. The car was a two door hardtop model. The customer requested the dog food be placed on the back seat. In order to get the dog food on the back seat it was necessary for him to bend over, place one foot in the floorboard of the back seat and one foot on the ground placing him in a cramped position by standing and reaching to place the case of dog food on the back seat. As he was doing this he felt a tear in his groin. The box of dog food would weigh between 50 and 60 pounds. At about 12 o'clock noon the plaintiff noticed a swelling in his groin on the left.

3. The fact that the plaintiff was placing the case of dog food on the back seat of a two-door hardtop model car

for the first time, forcing him to be in a cramped position, constituted an interruption of his usual work routine, thus accidentally injuring plaintiff.

4. Plaintiff reported the incident to his boss immediately and stated he would need to go to the doctor, but was told because of being covered up with work he would have to wait until quitting time. He continued to work out the rest of the day. At about 7:30 p.m. the plaintiff was seen by a doctor who attempted to put the swelling back in place but was unsuccessful. Dr. Horner saw the plaintiff the following Monday, September 26, 1973 and hospitalized him. The plaintiff was operated on on Tuesday, September 27, 1972 at which time a hernia was repaired on the left side. Plaintiff stayed in the hospital until Friday, September 30, 1972.

5. Plaintiff had an operation for the repair of a hernia on the same side as the present hernia occurred three or four years prior to this.

6. Plaintiff's duties for the defendant employer were to stock the stockroom, load and unload and bag. He had been performing this type of work during his employment with the defendant employer.

7. Plaintiff was out of work for three months due to injury but did work parttime one month during the last month of the three month period. During the parttime employment his weekly wage averaged $20.00.

8. Plaintiff sustained an injury by accident (hernia) arising out of and in the course of his employment with the defendant employer on September 23, 1972. That the hernia or rupture appeared suddenly. That it was accompanied by pain. That the hernia or rupture immediately followed an accident. That the hernia or rupture did not exist prior to the accident for which compensation is claimed.

The foregoing findings of fact and conclusions of law engender the following additional

CONCLUSIONS OF LAW

1. On September 23, 1972 plaintiff sustained an injury by accident (hernia) arising out of and in the course of

his employment with the defendant employer. That the hernia or rupture appeared suddenly. That it was accompanied by pain. That the hernia or rupture immediately followed an accident. That the hernia or rupture did not exist prior to the accident for which compensation is claimed. G.S. 97-2(6). DUNTON v. CONSTRUCTION COMPANY, 19 N.C. App. 51.

*       *       *

4. As a result of his injury by accident the plaintiff suffered a hernia. G.S. 97-2(18)."

The Commission entered an award based on the foregoing findings of fact and conclusions of law and defendant appealed.

*No counsel for plaintiff appellee.*

*Morris, Golding, Blue & Phillips by J. N. Golding for defendant appellants.*

VAUGHN, Judge.

We hold that the evidence and reasonable inferences arising from that evidence support the crucial findings of the Commission. "Under the Workmen's Compensation Act the Industrial Commission is made the fact-finding body, and the rule is, as fixed by statute and the uniform decisions of this Court, that the findings of fact made by the Commission are conclusive on appeal. . . . " *Rice v. Chair Co.,* 238 N.C. 121, 124, 76 S.E. 2d 311, 313.

> " 'This and other courts of the United States have held that the various compensation acts should be liberally construed so that the benefits thereof should not be denied upon technical, narrow and strict interpretation. The primary consideration is compensation for injured employees. . . . ' " *Hinson v. Creech,* N. C. Supreme Court (opinion filed 26 November 1974). *Barbour v. State Hospital,* 213 N.C. 515, 518, 196 S.E. 812, 813-814.

That rule of construction is supported by a host of decisions in this jurisdiction. *Hinson v. Creech, supra.*

The facts found by the Commission make this employee's hernia a compensable injury if G.S. 97-2(18) is given liberal construction with primary consideration being given to compensation for the injured employee. *See Keller v. Wiring Co.,* 259

N.C. 222, 130 S.E. 2d 342; *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175; *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592; *Moore v. Sales Co.*, 214 N.C. 424, 199 S.E. 605 and *Bigelow v. Tire Sales Co.*, 12 N.C. App. 220, 182 S.E. 2d 856. These cases would appear to support the view that an injury by accident occurred when claimant attempted to load the merchandise onto the rear seat of the automobile.

Affirmed.

Judges CAMPBELL and BRITT concur.