JOHN HENRY KEY, EMPLOYEE v. WAGNER WOODCRAFT, INC., EM-
PLOYER AND IOWA NATIONAL MUTUAL INSURANCE COMPANY,
CARRIER

No. 7618IC884

(Filed 1 June 1977)

1. **Master and Servant § 90— workmen's compensation — failure to give
written notice of accident — reasonable excuse — absence of prejudice**

The evidence supported the Industrial Commission's determination that plaintiff employee was reasonably excused from giving written notice to his employer within thirty days after the alleged accident and that the employer was not prejudiced by the absence of written notice where it showed that the employer's plant manager heard of plaintiff's injury about ten minutes after it occurred; plaintiff told his foreman on the next work day that he had been having pain since

moving some lumber the preceding work day and was being put in the hospital; plaintiff related details of the occurrence to the plant manager while in the hospital some two weeks later; and plaintiff was hospitalized, put in traction and operated upon before returning to work four months later.

2. **Master and Servant § 65— workmen's compensation — ruptured disc — accident**

A ruptured disc suffered by plaintiff when he attempted to help a fellow employee lift a heavy piece of unfinished lumber resulted from an accident within the meaning of the Workmen's Compensation Act where plaintiff's usual job was operating a variety saw; on the date in question plaintiff was requested to help a fellow employee straighten some scrap pieces of lumber; and when plaintiff took hold of one end of a heavy board he felt a stinging sensation in his neck.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 13 August 1976. Heard in the Court of Appeals 10 May 1977.

Plaintiff seeks compensation from his employer and its compensation carrier for an alleged injury by accident arising out of and in the course of his employment. A hearing was held before Commissioner Vance after which he made the following "Findings of Fact":

"1. Plaintiff is a thirty-six year old married, male employee with three children. He had worked with the defendant employer eleven or twelve years prior to this alleged injury by accident.

"2. His title with the company was machine operator full time on the variety saw. He also operated other machines in the department trimming and finishing furniture.

"3. During the period of this alleged injury all employees were on short time due to the lack of orders. Many employees were asked to deviate from their normal tour occasionally in order to get in their hours. Plaintiff hardly ever moved any rough lumber. On rare occasions he had but it had been some time since this had been the case prior to April 30, 1975.

"4. On April 30, 1975 plaintiff had work in his line of work on the machine to do, but about 2:15 p.m. his foreman, Pete Rush, asked him to go help Bill Canaham, another machine operator in the machine room, to straighten up some scrap pieces of lumber on a wagon so a load of

new lumber could be unloaded and stacked on the wagon. This wagon was approximately knee high.

"5. Approximately ten minutes prior to quitting time at 2:30 p.m. Bill Canaham was trying to raise a large piece of lumber up so some scraps could be moved from underneath it. The piece of lumber was between two and three inches thick, thirty inches wide and eighteen feet long. He could not come up with it alone. Plaintiff took a hold of one end and tried to help him raise the board. When the board was about at a sixty degree angle plaintiff felt a stinging sensation in his neck. He thought a bee had stung him. He asked Bill Canaham to look and see if he could see where a bee had stung him. His neck kept stinging and about thirty minutes later there was a pain down his left arm. He was off work and home by this time. The pain continued to get worse until he was operated on. He had never had this much neck discomfort and pain prior to April 30, 1975.

"6. Plaintiff went to High Point Memorial Hospital on May 4, 1975 and was seen by Dr. Michael B. Hussey complaining of pain in the neck, left shoulder and arm and stated he had had these symptoms four days. He was seen by Dr. Johnson and Dr. Wood on May 5, and admitted to the hospital for a myelogram. He was operated on May 15, 1975 for a large, soft disc between the sixth and seventh cervical vertebra.

"7. It was unusual for plaintiff to handle any heavy lumber in the course of his normal duties as a machine operator.

"8. Plaintiff went to shop on Monday, May 5, 1975 and told Pete Rush, his foreman, he had been having trouble since moving the lumber and was going to have to be put in the hospital. A company supervisor overheard in the break room, from another employee within ten minutes of this incident, that plaintiff had gotten hurt. Mr. David Simpson, plant manager, visited plaintiff while in the hospital and delivered some money to him that had been taken up by his fellow employees. Plaintiff told Mr. Simpson what had happened on that occasion.

Key v. Woodcraft, Inc.

"9. Plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on April 30, 1975 and was temporarily totally disabled from May 1, 1975 to the date he reached maximum improvement on August 27, 1975. He sustained a 15% permanent partial disability to the back as a result of his injury by accident.

"10. Plaintiff's employer had knowledge of the injury by accident on April 30, 1975 per notification by plaintiff to his supervisor at the shop and the plant superintendent at the hospital which is a reasonable excuse for not giving written notice. Furthermore the undersigned is satisfied that the employer has not been prejudiced thereby."

The hearing commissioner concluded that plaintiff sustained an injury by accident arising out of and in the course of his employment; that plaintiff was temporarily totally disabled from 1 May 1975 to 27 August 1975 and is entitled to compensation for this period; that as a result of the injury plaintiff sustained a 15% permanent partial disability to his back; and that defendants are responsible for payment of such medical expenses incurred by plaintiff as are approved by the Industrial Commission.

From an award to plaintiff, defendants appealed to the full commission. The full commission adopted as its own and affirmed the opinion and award of Commissioner Vance. Defendants appealed to this court.

*Gardner and Tate, by Raymond A. Bretzmann, for plaintiff appellee.*

*Henson & Donahue, by Perry C. Henson and Richard L. Vanore, for defendant appellants.*

BRITT, Judge.

[1] First, defendants contend that the commission erred in determining that plaintiff was reasonably excused from giving written notice to his employer within thirty days after the alleged accident and that the employer had not been prejudiced thereby. We find no merit in this contention.

G.S. 97-22 provides in part that no compensation shall be payable to an employee unless written notice is given within

thirty days after the occurrence of the accident, "unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." The commission determined that plaintiff was reasonably excused from not giving written notice since the "employer had knowledge of the injury by accident on April 30, 1975 per notification by plaintiff to his supervisor at the shop and the plant superintendent at the hospital . . . . " The commission also determined that the employer had not been prejudiced by the lack of written notice.

We think there is competent evidence to support the commission's determination. The statute requires that reasonable excuse must be made to the satisfaction of the commission and that it must be satisfied that the employer has not been prejudiced thereby. Obviously, the commission was satisfied by plaintiff's evidence and we agree. Evidence presented at the hearing indicates that on the date of the injury, 30 April 1975, the plant manager heard of the alleged injury by accident about ten minutes after it occurred. During plaintiff's hospitalization in May, 1975, the plant manager, Mr. Simpson, visited plaintiff who related the details of the occurrence to him. After the alleged accident plaintiff returned on the next work day, 5 May 1975, and told his foreman, Pete Rush, that he had been having pain since moving the lumber the preceding Wednesday and that he was being put in the hospital. Plaintiff also went to the office and told the owner, Mr. Wagner, that he was being sent to the hospital. The evidence shows that plaintiff was hospitalized, put in traction and operated upon before returning to work four months later. Since the evidence is sufficient to support the commission's findings that reasonable excuse for not giving the required written notice was shown, and that the employer was not prejudiced by the failure to give written notice, the findings are conclusive on appeal. G.S. 97-86; *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971).

[2] Defendants next contend that the commission erred in finding that the plaintiff sustained an injury by accident arising out of and in the course and scope of his employment. We find no merit in this contention.

To be compensable under our Workmen's Compensation Act, G.S. 97-1, *et seq,* an injury must result from an accident

Key v. Woodcraft, Inc.

which is to be considered as a separate event preceding and causing the injury, and the mere fact of injury does not of itself establish the fact of accident. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968); *Bigelow v. Tire Sales Co.,* 12 N.C. App. 220, 182 S.E. 2d 856 (1971).

> "To sustain an award of compensation in ruptured or slipped disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. . . . Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. . . . " *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 429, 124 S.E. 2d 109, 111 (1962).

In *Bigelow v. Tire Sales Co., supra,* this court affirmed the commission's determination that a 48-year-old employee, who had worked with his employer for 20 years and sustained a ruptured disc while he was attempting to put a 900-pound tire on a tractor hub, sustained an injury by accident within the meaning of the Workmen's Compensation Act where the position of the tractor on a hillside prevented the employee from following his customary work routine in installing the tire.

In *McMahan v. Supermarket,* 24 N.C. App. 113, 210 S.E. 2d 214 (1974), the plaintiff had been employed as a stock clerk and bag boy for some three months prior to the alleged accident. On the date in question, he had been stocking shelves in the stockroom when he was asked to deliver a case of dog food to a customer's car. When he reached down to pick up the case of dog food, he felt a stinging pain in his left groin which later was diagnosed as a hernia or rupture. The commission found that plaintiff's duties were to stock the stockroom, load, unload and bag, and that the handling of the case of dog food constituted an interruption of his usual work routine resulting in an injury by accident. This court affirmed the determination of the commission.

In *Keller v. Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342 (1963), the claimant suffered a ruptured disc when he picked up and removed a rock from a ditch he was digging. The removal of the rock necessitated a twisting movement which increased the stress on the vertebrae. The Supreme Court approved a finding of the commission that claimant had sustained an injury by accident.

In *Davis v. Summitt*, 259 N.C. 57, 120 S.E. 2d 588 (1963), claimant suffered an injury when he attempted to elevate and hold a cabinet, weighing approximately 175 pounds, in place while another employee fastened it to the wall. The task of elevating and holding the cabinet in place was usually assigned to two men, but in this instance claimant was performing it by himself. This evidence was held sufficient to support the commission's finding that claimant suffered a compensable injury by accident arising out of and in the course of his employment.

In *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592 (1947), plaintiff was required to lift a plate weighing between 40 and 50 pounds from the floor and twisting to his right, hand it to a pressman. When he did so, he felt a severe pain in the lower part of his back which was subseqently diagnosed as a ruptured disc. The court held that, "[t]he evidence of the sudden and unexpected displacement of the plaintiff's intervertebral disc under the strain of lifting and turning as described lends support to the conclusion that the injury complained of should be regarded as falling within the category of accident, rather than as the result of inherent weakness, or as being one of the ordinary and expected incidents of the employment." For similar results, see also *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960) ; *Dunton v. Construction Co.*, 19 N.C. App. 51, 198 S.E. 2d 8 (1973) ; *Moore v. Sales Co.*, 214 N.C. 424, 199 S.E. 605 (1938).

In the present case plaintiff had worked as a machine operator for most of his eleven years on the job. While he could operate all of the machines his usual job involved operating the variety saw. He handled finished lumber almost exclusively, in trimming out the furniture and finishing it up. Although he seldom handled heavy pieces of unfinished lumber, on the date in question he was requested to help a fellow employee straighten some scrap pieces of lumber. The fellow employee was attempting to raise a large piece of lumber so some scraps could be moved from underneath it. When plaintiff took hold of one end of the heavy mahogany board he felt a stinging sensation in his neck as though a bee had stung him. The pain continued and his injury was subsequently diagnosed as a ruptured disc.

The commission concluded that plaintiff sustained an injury by accident arising out of and in the course of his employ-

ment. We think the evidence is sufficient to support the conclusion that it was an injury by accident in that the evidence shows that plaintiff was not carrying out his usual and customary duties, and that the circumstances involved an "interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Harding v. Thomas & Howard Co., supra.*

The award of the Industrial Commission is, therefore,

Affirmed.

Judges PARKER and MARTIN concur.