The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act, and the employment relationship existed between the parties at the relevant time.
2. The defendant-employer was a duly qualified self-insured with Gallagher Bassett Service, Inc., as the third-party administrator.
3. Judicial Notice was taken of the I.C. Form 19, Employer's Notice of Injury to Employee, dated July 16, 1992, and received by the Commission on September 11, 1992.
4. The issues for determination are:
 a. Whether the plaintiff sustained a compensable injury on July 14, 1992; and if so, to what benefits she may be entitled.
 b. Whether the plaintiff gave proper notice to her employer of her alleged injury.
c. Whether the plaintiff has complied with her doctor's orders.
d. Whether the plaintiff sought unauthorized treatment, and
e. Whether the plaintiff has cooperated with rehabilitation assistance.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a forty-one year old female, who attended public schools until the ninth grade. The plaintiff began working for defendant-employer on September 3, 1991 as a picker. Plaintiff's duties included moving boxes of clothing items, which weigh fifty to sixty pounds.
2. On July 14, 1992, the plaintiff reported to Margaret Wilkes, her supervisor, that she had begun to experience right wrist pain at some point in mid-June of 1992 when she bumped her wrist while picking and removing lids from cartons.
3. On July 14, 1992, the plaintiff was referred by defendants to Dr. Joel Edwards, where plaintiff related a history of right wrist and thumb pain for approximately three weeks. Dr. Edwards diagnosed plaintiff as having tendinitis, for which he prescribed a brace for the right wrist and restricted her to light duty.
4. The plaintiff was placed in a department where she was to place plastic clips on hangers.
5. On July 31, 1992, the plaintiff was treated by Dr. John Newell, who gave her an injection of Cortisone and Lidocaine for increasing right hand pain.
6. Dr. Newell diagnosed plaintiff has having carpal tunnel syndrome; and on August 6, 1992, he referred the plaintiff to neurologist Dr. William A. Brady.
7. Dr. Brady noted plaintiff did not relate the condition to a specific injury, although her work required repetitive tasks. Dr. Brady found that plaintiff did not have clinical evidence of carpal tunnel syndrome. All diagnostic testing was reported as normal. Dr. Brady recommended a four to six-week medical leave to allow symptoms to resolve. The plaintiff denied any left arm symptoms to Dr. Brady.
8. Dr. Brady suspected that plaintiff had cervical radiculopathy.
9. On August 19, 1992, the plaintiff sought medical treatment from Dr. Andrew Koman, an orthopaedist and hand surgeon, upon referral by Dr. Newell. After a physical examination, Dr. Koman suspected plaintiff had a mild overuse syndrome and possibly an abnormal sympathetic tone. However, the plaintiff did not return for testing to confirm suspected diagnosis.
10. Dr. Koman has opined that there is no way medically to tell if plaintiff's condition was related to bumping her wrist. He further opined that plaintiff had a vasomotor instability but that there was no way to tell whether it was pre-existing and whether it was exacerbated by the activity or the bump.
11. On August 27, 1992, the plaintiff sought treatment from Dr. James Hendren, an orthopedist in Concord. The plaintiff related a history of numbness in both hands which had existed for three months. Dr. Hendrix subsequently performed right carpal tunnel release surgery on the plaintiff on October 21, 1991. Thereafter, left carpal tunnel release surgery was performed on December 1, 1992 by Dr. Hendrix.
12. Dr. Koman recommended one-handed work for plaintiff, effective August 19, 1992. However, the plaintiff called Dr. Koman and advised that she was unable to return to this work due to her medication. Defendants offered work within these restrictions.
13. In November of 1992, Charlene Hill, a vocational rehabilitation specialist, was assigned by defendants to assist plaintiff in a job search. However, the plaintiff refused to talk with Ms. Hill.
14. There is no evidence in the record that the plaintiff's job placed her at an increased risk of contracting an occupational disease than the general public.
15. There is no evidence in the record that plaintiff's condition was due to causes and conditions characteristic of and peculiar to her employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff bears the burden of proving the existence of a compensable claim. Gay v. J. P. Stevens Co., 79 N.C. App. 324,339 S.E.2d 490 (1986). In the instant case, the plaintiff has failed to carry the burden of proving by competent medical evidence that her right arm condition was a compensable occupational disease within the meaning of N.C. GEN. STAT. § 97-53 (13) or, in the alternative, that the condition was causally related to an incident in which she bumped her right wrist in June of 1992.
2. Although the plaintiff failed to give timely notice to defendants of the incident in which she bumped her right wrist in June of 1992, the defendants were not prejudiced by this failure in that the plaintiff sought no medical attention. Therefore, plaintiff is deemed to have given sufficient notice of an onset of pain in her right thumb and wrist on July 14, 1992 when she reported the pain to her supervisor. N.C. GEN. STAT. § 97-22.
3. Even though the plaintiff bumped her right wrist in June of 1992, that incident does not constitute an injury by accident within the meaning of N.C. GEN. STAT. § 97-2 (6). The mere fact that three weeks after the plaintiff contends she bumped her right wrist, she began to experience wrist pain does not establish the fact of an accident. Key v. Wagner Woodcraft, Inc., 33 N.C. App. 310,235 S.E.2d 254 (1977).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs, except that defendants shall pay an expert witness fees of $375.00 to L. Andrew Koman, M.D., and $400.00 to William A. Brady, M.D.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/25/96