***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Lorrie L. Dollar.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Ohio Casualty Group was the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $365.61, which yields a compensation rate of $243.76 per week, based upon the Form 22.
5. The issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course of his employment on August 24, 2000, and if so, to what benefits may he be entitled under the Act.
6. The parties stipulated the following documentary evidence:
a. I.C. Forms 18, 19, 22, 33, and 61;
b. Plaintiff's Recorded Statement, thirteen pages;
c. Plaintiff's Answers to Interrogatories;
d. Plaintiff's Supplemental Answers to Interrogatories;
e. Records of Dr. John Wise, pages;
f. Records of Dr. H. Gray Winfield, pages; and
g. Employer Records, pages.
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, the plaintiff was a 54 year old male. He began working for the employer on November 22, 1999 as a delivery driver, where his duties included driving a van, picking up and delivering mail and packages to various businesses.
2. On or about August 24, 2000, plaintiff experienced an onset of right shoulder pain after placing his right arm on the rear door of the delivery van to push himself up to the dock level, in his routine manner. Plaintiff reported this incident to supervisor Cindy Burns.
3. On or about August 28, 2000, plaintiff sought medical treatment from Dr. John Wise, his family doctor, for a right shoulder injury. Plaintiff did not describe the injury as being the result of an accident at work.
4. Dr. Wise referred plaintiff to orthopedist Dr. H. Gray Winfield. On August 29, 2000, plaintiff reported that while pushing up with his right shoulder, he felt a double pop in his shoulder. Dr. Winfield suspected a rotator cuff tear, for which medication was given. However, plaintiff did not mention anything to Dr. Winfield about a van door moving as he was pressing against it.
5. On September 14, 2000, plaintiff gave a recorded statement to claims' representative Judy Lester. He told Ms. Lester that it was not unusual for him to exit the delivery van through the rear doors in the manner which he did on August 24. He also said that he was performing his regular duties and that nothing unusual happened as he was exiting the van.
6. From August 24, 2000 through October 27, 2000, plaintiff continued to work for the employer at his same wage, driving the delivery route. He occasionally required assistance with lifting heavy packages. Plaintiff was terminated on October 27, 2000 after he had a fourth motor vehicle accident operating the employer's van on October 25, 2000. Plaintiff termination was in accordance with the employer's practice.
7. At the hearing in on his Form 18, plaintiff indicated that he sustained an injury to his right shoulder after he put pressure on the van door and the door moved as he was exiting the vehicle. This testimony is rejected as not being credible. Certainly, if this event had transpired in this manner, the plaintiff would have reported it to his supervisor, his two doctors, and the insurance adjuster right after it happened.
8. The greater weight of the competent and credible evidence in the record supports a finding that the plaintiff did not sustain an injury by accident nor a specific traumatic incident on August 24, 2000. Specifically, the plaintiff is not accepted as a credible witness as to the testimony offered at the hearing regarding the van door moving as he exited the vehicle. This testimony was contrary to the versions of the injury which plaintiff related in his report to his employer and the recorded statement.
 ***********
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. The person claiming the benefits of compensation has the burden of proving the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A.C. Lawrence Leather Co., 231 N.C. 477,57 S.E.2d 760(1950). The plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of the employment on August 24, 2000, as the law requires. N.C. Gen. Stat. § 97-2(6).
2. While the plaintiff sustained an injury on August 24, 2000, that injury was not as a result of an accident arising out of and in the course of the employment, within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6). The mere fact of injury does not of itself establish the fact of an accident. Key v. Wagner Woodcraft, Inc., 33 N.C. App. 310,235 S.E.2d 254(1977). An injury which occurs under normal working conditions is not considered an accident arising out of the employment. Poe v. Acme Builders, 69 N.C. App. 147,316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143(1984). The term "accident" as used in the Act has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause.Harding v. Thomas Howard Co., 26 N.C. 427,124 S.E.2d 109(1962).
3. In the instant case, the plaintiff was performing normal duties of exiting the van in a manner which he generally used when he experienced pain in his right shoulder. This was not an accident, within the meaning of the law. Furthermore, plaintiff changed his version regarding how he was injured, between the time he provided his employer, his two doctors, and the workers' compensation carrier with reports as to how he was injured and the hearing testimony before the deputy commissioner.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its costs. However, the defendants shall pay the expert witness fee of $270.00 to Dr. Winfield if this amount has not already been paid.
This 11th day of March 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________________________ DIANNE C. SELLERS COMMISSIONER