***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Stephenson with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At such time, an employment relationship existed between plaintiff and employer-defendant.
3. ACE USA/ESIS was the carrier on the risk for employer-defendant.
4. Plaintiff has an average weekly wage of $344.67 yielding a compensation rate of $227.78.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant, Affiliate Computer Services (ACS) in July 2006. Prior to working with defendant, plaintiff worked as a cashier at Food Lion.
2. Plaintiff has relocated to North Carolina from New Jersey with the assistance of a domestic violence victims relocation program. Plaintiff had been a victim of domestic violence, which resulted in the loss of plaintiff's left eye.
3. On September 6, 2006, plaintiff was participating in a training session for her employment with defendant. The training class began with an ice-breaker activity in which the participants shared with a partner "get to know you" information that would later be shared with the entire group. Plaintiff was paired with a co-worker, Robert Hinton. Plaintiff shared with Mr. Hinton that she was a victim of domestic violence and lost her left eye as a result. Plaintiff explained this as her reason for wanting to help others. She told Mr. Hinton she enjoyed working with young women and giving back to the community.
4. Thereafter, as part of the icebreaker activity, Mr. Hinton and plaintiff shared with the group the information they learned about one another. Mr. Hinton shared with the larger *Page 3 
group that plaintiff was strong and was very spiritual. Mr. Hinton also indicated that plaintiff had been through a lot in her life and wanted to start transitional housing for young ladies. Plaintiff also shared what she had learned about Mr. Hinton. After Mr. Hinton shared plaintiff's information with the group, plaintiff followed up and shared with the group what had happened in her abusive relationship and about losing her eye.
5. In response to this information about plaintiff's story, the trainer responded with a statement to the effect of "I never noticed your eye." This remark was not disparaging or derogatory in any way, but was meant to uplift plaintiff and inspire her to keep going forward.
6. Following the trainer's comment, plaintiff became teary-eyed. Following the next break, plaintiff did not return to training. On the same day, plaintiff met with the Human Resources Coordinator, Nancy Dahlberg, and conveyed to Ms. Dahlberg that the trainer had stated she never noticed plaintiff's eye. Mr. Dalhberg listened to plaintiff's story and followed up with the trainer to determine if any inappropriate comments were made during the course of training.
7. Plaintiff was permitted to take the remainder of the day off on September 6, 2006. Plaintiff did not return to work on September 7, 2006.
8. On September 7, 2006, plaintiff was treated at the Rex Hospital Emergency Room, where she was diagnosed with a panic attack. Plaintiff began treating at Triumph and Carolina Behavioral Care with Dr. Krista Pine on September 25, 2006. Plaintiff was diagnosed with post traumatic stress disorder, major depression disorder, panic disorder, and trichotillomania by Dr. Pine.
9. Plaintiff had previously been diagnosed with Post Traumatic Stress Disorder and Major Depression by Dr. Gayathri Sastry in 2004. *Page 4 
10. Plaintiff maintains her symptoms began following the comment made by the trainer on September 6, 2006. At hearing before the deputy commissioner, plaintiff testified regarding a number of other stressors including being the sole wage earner in her family, taking care of four children, and being unable to afford to return to school.
11. Plaintiff divulged information regarding her past and the loss of her eye during the ice breaker exercise. In disclosing the information herself, while she may have later regretted the disclosure, comments and responses to her story were to be expected.
12. The comment by the trainer of "I never noticed your eye" was not mean spirited or spiteful, but was rather a general comment that demonstrated concern. The trainer's comment did not constitute an accident in that it was not an unexpected, unusual or untoward occurrence, or an interruption of plaintiff's work routine from which the introduction thereby of unusual conditions would likely result in unexpected consequences.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has the burden of proving every element of compensability. As part of her burden, plaintiff must present convincing evidence establishing all elements. Harvey v. Raleigh Police Department,96 N.C. App. 28, 384 S.E.2d 549, disc. rev. denied, 325 N.C. 706,388 S.E.2d 454 (1989). The mere fact of injury does not of itself establish the fact of a compensable accident. Key v. Wagner Woodcraft,Inc., 33 N.C. App. 310, 235 S.E.2d 254 (1977). *Page 5 
2. Plaintiff has failed to meet her burden of proving by the greater weight of the evidence that she sustained a compensable injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6); Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384 S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989).
3. An alleged mental injury by accident is compensable under the Workers' Compensation Act only if it results from an injury by accident using the same definition of that term as is used for a physical injury under N.C. Gen. Stat. § 97-2(6). Bursell v. General Electric Company,172 N.C. App. 73, 616 S.E.2d 342 (2005); Jordan v. Central PiedmontCommunity College, 124 N.C. App. 112, 476 S.E.2d 410 (1996). Plaintiff's September 6, 2006 incident did not constitute an accident in that it was not an unexpected, unusual or untoward occurrence, or an interruption of plaintiff's work routine from which the introduction thereby of unusual conditions would likely result in unexpected consequences. Plaintiff has not proven by the greater weight of the evidence that her psychological problems were caused by a compensable workplace injury by accident as defined by N.C. Gen. Stat. § 97-2(6) and the pertinent case law. Knight v. Abbott Labratories, 160 N.C. App. 542,586 S.E.2d 544 (2003); Pittillo v. N.C. Department of EnvironmentalHealth Natural Resources, 151 N.C. App. 641, 566 S.E.2d 807 (2002).
4. In addition, plaintiff has not shown a mental occupational disease compensable under N.C. Gen. Stat. § 97-53(13), as plaintiff must prove that the disease is characteristic of individuals engaged in the particular trade or occupation in which the plaintiff was engaged, that the disease is not an ordinary disease of life to which the public is equally exposed, and that there exists a causal relationship between the disease and the plaintiff's employment. N.C. Gen. Stat. § 97-53(13);Booker v. Duke Medical Center, 297 N.C. 458, 256 S.E.2d 189 (1979). *Page 6 
5. Plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Employee-Plaintiff claim must, under the law, be, and hereby are DENIED.
2. Each side shall bear its own costs.
This the 9th day of July 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DANNY L. McDONALD COMMISSIONER *Page 1