***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Ledford.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The employee-employer relationship existed between plaintiff and defendant on the date of the alleged injury.
4. The Pre-Trial Agreement was marked and received as Stipulated Exhibit 1.
5. A comprehensive set of documents was marked as Stipulated Exhibit 2. It included subparts A — Medical Records, B — Plaintiff's Answers to Defendants' First Set of Interrogatories, C — N.C.I.C. Forms and Employers Initial Report of Injury, and D-Plaintiff's Recorded Statement.
6. Although the parties stipulated that plaintiff's average weekly wage could be determined by a Form 22, no Form 22 was included with the stipulated exhibits or ever submitted to the Commission.
 *********** ISSUES
1. Whether plaintiff sustained a compensable injury by accident arising out of and in the course of her employment on April 17, 2006, and if so, what are the compensable consequences?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of hearing before the deputy commissioner, plaintiff had worked for defendant as a correctional officer for about twelve years and was still employed by defendant at *Page 3 
Western Youth Institute. Her job duties included supervising inmates.
2. Plaintiff was most often assigned to the dorm, but she occasionally worked in the yard. For about two months prior to April 17, 2006, she had worked on and off in the yard.
3. On April 17, 2006, plaintiff was working in the yard when another officer called for assistance. As part of plaintiff's job duties, plaintiff responded to the call for assistance. She ran down the sidewalk, a distance of approximately 150 feet to the area of disturbance. Another officer already had the inmate down on the ground, and plaintiff assisted in cuffing the inmate.
4. As part of her job duties, plaintiff is responsible for supervising inmates, and maintaining order. If a fight breaks out between inmates or an inmate needs to be brought under control by officers, plaintiff may be called upon at any time to assist other officers. This means she must get to the area as soon as possible, and she may need to run. Such fights or incidents with inmates do not occur every day, but are not unexpected events.
5. Plaintiff did not fall or do anything different or unusual on April 17, 2006 as she hurried to answer the call for assistance. She was running the way she normally runs, on even pavement like she has done in the past.
6. When she reached the area to assist the other officer with the handcuffing of the inmate, plaintiff noticed her right ankle was hurting. There was no specific event that she could identify that caused her ankle to hurt. Plaintiff's running was not a specific, unusual event.
7. Plaintiff is approximately five feet four and one-half inches (5' 4 ½ ") tall and weighs approximately 260 pounds. Plaintiff had pre-existing problems with her right ankle. In July of 2003, plaintiff saw Dr. Jenkins who ordered an MRI. The MRI revealed an old tear in plaintiff's Achilles heel.
8. With regard to the 2003 injury, although plaintiff was somewhat vague in her *Page 4 
testimony regarding any specific injury, plaintiff testified that she might have injured her ankle at that time in the same way, running as part of her job duties. After that injury, plaintiff continued to have pain in her Achilles heel and ankle.
9. Plaintiff also injured her Achilles heel in 2005, for which she was treated by Dr. Vaassen. Plaintiff did not do any stretching exercises after she saw Dr. Vaassen. Plaintiff was told that if she did not do these exercises, she would continue to have problems.
10. Beginning in late May 2006, plaintiff was treated by orthopaedic specialist Dr. Peter George Mangone. Dr. Mangone noted that plaintiff's MRI showed tendinopathy in her Achilles tendon region. On August 1, 2006, Dr. Mangone performed a surgical Achilles tendon debridement and secondary repair.
11. Plaintiff then remained under Dr. Mangone's care. Dr. Mangone released plaintiff for modified work duty in November 2006, and then later to full work duty in April 2007. On June 13, 2007, Dr. Mangone released plaintiff at maximum medical improvement. Plaintiff is back to work with no restrictions at this time.
12. While plaintiff's testimony about the incident is deemed credible, it fails to support her position that she sustained an interruption of her regular work routine on April 17, 2006. Plaintiff's injury occurred in the course of her regular duties, running to the aid of a fellow officer, which she has done on several occasions in the past. The only Form 18 filed by plaintiff was the one filed in this case for the 2006 incident.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 5 
1. Although plaintiff may have suffered an injury, plaintiff did not suffer an injury by accident as defined by the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6). See, Key v. Wagner Woodcraft, Inc.,33 N.C. App. 310, 235 S.E.2d 254 (1977), O'Mary v. Land ClearingCorp., 261 N.C. 508, 135 S.E.2d 193 (1964).
2. Injuries such as the one suffered by plaintiff, which occurred while she was carrying on her usual and customary duties, running to the aid of another officer, are not compensable under the North Carolina Workers' Compensation Act. Smith v. Cabarrus Creamery Co., 217 N.C. 468,8 S.E.2d 231 (1940), Davis v. Raleigh Rental Center, 58 N.C. App. 113,292 S.E.2d 763 (1982).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim is hereby Denied.
2. Defendants shall pay the cost.
This the 10th day of October, 2008.
 S/___________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 6 
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1