LONNIE L. O'NEAL, EMPLOYEE, PLAINTIFF v. THE BLACKSMITH SHOP / U.S. FURNITURE INDUSTRIES, INC., EMPLOYER GREAT AMERICAN IN- SURANCE CO., CARRIER, DEFENDANTS

No. 7910IC312

(Filed 5 February 1980)

Master and Servant § 55.3— workers' compensation—back injury resulting from accident

Plaintiff employee's injury to his back while lifting the tongue of a trailer to attach it to a truck resulted from an "accident" within the meaning of the Workers' Compensation Act where a jack always used to lift the trailer tongue was broken for the first time on the day of the injury; this necessitated the handlifting of the tongue by plaintiff which he had never done before; the tongue had to be held at a height which required plaintiff to maintain a bent position for a period of 30 to 60 seconds, and plaintiff sustained his back injury at the time when the backing truck made contact with the hitch on the trailer tongue.

APPEAL by defendants from the order of North Carolina In- dustrial Commission entered 6 December 1978. Heard in the Court of Appeals 16 November 1979.

Plaintiff seeks compensation for a back injury while working for defendant-employer on 30 August 1977.

Deputy Commissioner Conely after hearing denied the claim in an opinion and award entered 30 June 1978, which included the following finding of fact:

"9. On August 30, 1977 plaintiff sustained an injury aris- ing out of and in the course of his employment. He did not sustain an injury by accident."

Upon appeal the Full Commission in its opinion and award adopted the stipulations and findings of fact made by the Hearing Commissioner, which were amended and revised as follows:

"9. On the occasion complained of plaintiff held the weight of the tongue of the trailer in a bent or stooped position. He was not accustomed to holding such weight for this period of time. His activity in this connection placed more stress on his body than usual. He thereby sustained an injury by accident arising out of and in the course of his employment on August 30, 1977."

The Full Commission then concluded that the claim was compensable.

*Haworth, Riggs, Kuhn, Haworth & Miller by William B. Haworth and R. Bruce Laney for plaintiff appellee.*

*Johnson, Patterson, Dilthey & Clay by Dan M. Hartzog for defendant appellants.*

CLARK, Judge.

The only question raised by this appeal is whether the injury was the result of an accident.

For a determination of this question we think that the following findings of fact made by the Hearing Commissioner and adopted by the Full Commission, are particularly pertinent:

"1. On August 30, 1977 plaintiff, now 51 years of age, was employed by the defendant-employer as an assistant foreman and also did ordinary machine work, running saws, routers, and other machines. He was also required to do some physical labor and lifting in his work.

2. A metal frame trailer is used at the employment to haul away scrap wood. Said trailer, which was in use on August 30, 1977, is equipped with a ring-snap hitch which attaches to a one and one-half ton truck. Ordinarily, the tongue and hitch are adjusted to the height necessary for attachment to the truck by use of a hand-cranked jack mounted at the front of the trailer frame. However, on August 30, 1977 the jack was inoperative, having been bent backward, and it

was necessary to lift the tongue of the trailer to the necessary position.

3. On said date plaintiff and another man, in a bent position, lifted the tongue, which weighed between 150-250 pounds, about knee-high and held it in that position for 30 to 60 seconds until just about the time the truck backed into position and the hitch snapped into place. At the instant the trailer hitch was making contact with the truck, plaintiff's back made an audible 'snap' sound and plaintiff let go of the tongue and staggered backward. He stated that he had hurt his back and appeared white in the face. The other employee felt the full weight of the tongue for an instant before the hitch locked in place.

4. The tires of the trailer were chocked at the time and there is no indication that the trailer moved upon impacting with the truck.

5. Plaintiff immediately experienced pain in his back and reported the injury to his foreman. The injury occurred at about 11:30 a.m."

There is no conflict in the evidence. The last sentence of paragraph 9 (as amended) of the so-called "Finding of Fact" by the Hearing Commissioner and the Full Commission is a conclusion of law. Therefore, we must determine if the evidence in the record and the findings of fact support the conclusion that plaintiff sustained an injury by accident. While findings of fact by the Industrial Commission, when supported by competent evidence, are conclusive, the rulings of the Commission are subject to review on questions of law. *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 229 S.E. 2d 325 (1976), *cert. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977).

"Accident" as used in the Workers' Compensation Act has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. Accident involves the interruption of the work routine and introduction thereby of unusual conditions likely to result in unexpected consequences. *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962).

O'Neal v. Blacksmith Shop

The conclusion that plaintiff suffered an injury by accident is supported by the facts found, and the evidence in the record including the following significant facts tending to show unusual work routine and conditions: the jack always used to lift the trailer tongue was broken for the first time on the day of the injury; this necessitated the hand-lifting of the tongue by plaintiff which he had never done before; the tongue had to be held at a height which required plaintiff to maintain a bent position for a period of 30 to 60 seconds; plaintiff sustained his back injury at the time when the backing truck made contact with the hitch on the trailer tongue.

We find the factual circumstances in this case before us somewhat similar to those in *Key v. Wagner Woodcraft, Inc.*, 33 N.C. App. 310, 235 S.E. 2d 254 (1977). The Court, in affirming the award order of the Commission stated:

"We think the evidence is sufficient to support the conclusion that it was an injury by accident in that the evidence shows that plaintiff was not carrying out his usual and customary duties, and that the circumstances involved an 'interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.'"

33 N.C. App. at 317. *See also, Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960).

We reach the same conclusion for the same reasons. The award order is

Affirmed.

Judges ARNOLD and ERWIN concur.