DORIS JEAN LEFLER, EMPLOYEE-PLAINTIFF v. LEXINGTON CITY SCHOOLS, EMPLOYER, SHELBY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC1391

(Filed 21 December 1982)

Master and Servant § 65.2— workers' compensation—back injury while emptying trash—necessity for further findings

> Where the evidence in a workers' compensation case showed that plaintiff cafeteria worker experienced a pain in her back while helping the janitor and the cafeteria manager empty a trash can into a dumpster, that although plaintiff had helped empty a trash can during the previous school year, she had not done so in the present school year, and that plaintiff had never helped with a can heavy enough to require three people to lift it, the Industrial Commission erred in concluding that plaintiff was not injured in an accident without making findings as to whether plaintiff's assistance in carrying and emptying the trash can constituted an interruption of plaintiff's work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences, and the case is remanded for such findings.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 7 October 1981. Heard in the Court of Appeals 12 October 1982.

The plaintiff has appealed from an adverse ruling by the North Carolina Industrial Commission. The evidence before the Hearing Commissioner was that in the fall of 1979 the plaintiff

had been employed for approximately twelve years by the defendant school system. At that time, she was working in the school cafeteria. The plaintiff had on some occasions in the past helped the janitor carry a trash can to the dumpster but she testified she had not done so in the fall of 1979 prior to the event in controversy in this case. On 20 December 1979, the trash can was unusually heavy and the janitor could not lift it by himself. At the request of Thelma Brown, the cafeteria manager, the plaintiff assisted Mrs. Brown and the janitor in carrying and emptying the trash can. While emptying the trash can, the plaintiff experienced a pain in her back. Plaintiff testified that she slipped on the gravel and trash on the ground around the dumpster and grasped the trash can to keep from falling. The janitor and Mrs. Brown each testified they did not see the plaintiff slip at the time they were emptying the trash can and did not remember anything pull on the trash can.

The Hearing Commissioner found that the janitor ordinarily did not require assistance in emptying the trash can, but that on this day it was too heavy to lift and the janitor asked Mrs. Brown and the plaintiff to help him. As the plaintiff was helping with the emptying of the trash can, she felt a pain in her back. The Hearing Commissioner found that the plaintiff did not slip on gravel or trash on the ground, and did not twist as the trash can was being emptied. He found that "the plaintiff accordingly did not sustain an injury by accident arising out of and in the course of her employment." The Hearing Commissioner denied the plaintiff any recovery and the Full Commission affirmed. Commissioner Coy M. Vance dissented.

The plaintiff appealed.

*Stoner, Bowers and Gray, by Carl W. Gray, for plaintiff appellant.*

*Brinkley, Walser, McGirt, Miller and Smith, by G. Thompson Miller, for defendant appellees.*

WEBB, Judge.

We reverse and remand. The Industrial Commission chose not to believe the testimony of the plaintiff that she slipped while emptying the trash can. They concluded that the plaintiff "accord-

ingly" was not injured in an accident. We are bound by the Industrial Commission's finding of fact as to the slippage by the plaintiff. We do not believe this disposes of the case, however, as there was other evidence of accident upon which the Industrial Commission did not make adequate findings of fact. *See Harrell v. J. P. Stevens*, 45 N.C. App. 197, 262 S.E. 2d 830, *cert. denied*, 300 N.C. 196, 269 S.E. 2d 623 (1980).

An accident "involves the interruption of the work routine and introduction thereby of unusual conditions likely to result in unexpected consequences." *O'Neal v. Blacksmith Shop*, 45 N.C. App. 90, 92, 262 S.E. 2d 385, 386 (1980), *citing Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962); *see Key v. Wagner Woodcraft, Inc.*, 33 N.C. App. 310, 235 S.E. 2d 254 (1977). As pointed out by Commissioner Vance, there was evidence in this case that although plaintiff had helped empty a trash can during the previous school year, she had not done so in the 1979-80 school year and had never helped with a can heavy enough to require three people to lift it. The Commission made some findings of fact on this evidence, but did not make sufficient findings as to whether this was an interruption of the plaintiff's work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. We reverse and remand for findings of fact and a conclusion on this feature of the case.

Reversed and remanded.

Judges VAUGHN and WELLS concur.