JUDITH B. SMITH, EMPLOYEE v. DHL CORPORATION, EMPLOYER, AND INSURANCE COMPANY OF NORTH AMERICA, CARRIER

No. 8310IC929

(Filed 21 August 1984)

Master and Servant §§ 55.3, 55.4— workers' compensation—injury to ears during airline flight—accident—injury arising out of and in course of employment

Evidence was sufficient to support the Industrial Commission's finding that plaintiff sustained an injury by accident arising out of and in the course of her employment where it tended to show that an airline flight exposed plaintiff to a condition (fluctuating cabin pressure) capable of producing the unexpected consequences of a fistula; this was an unlooked for and untoward event which was neither expected nor designed by plaintiff; plaintiff's medical witness testified that the change in cabin pressure in the airplane could cause a fistula and that plaintiff's injury would have had to occur during the flight; this was the first time plaintiff had flown on a commercial airliner for her employer; and the flight was an interruption of her normal work routine.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and award by Full Commission filed 25 April 1983. Heard in the Court of Appeals 5 June 1984.

This is a workers' compensation claim wherein plaintiff-employee seeks workers' compensation benefits for an injury allegedly suffered in an accident arising out of and in the course of her employment.

Plaintiff, a courier for defendant-employer, developed ear trouble after returning from a work-related flight on a commercial airliner in December of 1979. Plaintiff, who had worked for defendant employer for six months, routinely drove a car or van when she made courier deliveries. This was the first time she had flown for her employer. At a hearing before Deputy Commission-

Smith v. DHL Corp.

er Sellers, plaintiff's evidence showed, *inter alia*: that, during a flight to Atlanta to deliver materials for her employer, her ears began to "fill up" and she became dizzy; that in the following weeks, she continued to experience dizziness and nausea; that in May of 1980, an otolaryngologist performed surgery to repair a perforation of the "window" between the middle ear and the inner ear (a "fistula") which would allow leakage of inner ear fluid into the middle ear, causing dizziness; that, although plaintiff experienced immediate improvement in the dizziness after the surgery, she has had recurring problems with dizziness; that plaintiff had a previous hearing loss; that plaintiff had previously had middle ear infections which would make plaintiff more apt to suffer a fistula and resulting leakage and dizziness; and that a normal change in cabin pressure in an airplane would be capable of producing a fistula. Defendant's evidence showed: that the otolaryngologist did not actually see a hole in plaintiff's eardrum, but surgically covered areas of the inner ear with fatty tissue so as to repair any leak that was not visually observable; and that the otolaryngologist was unable to say if plaintiff's previous hearing loss had been worsened by the alleged accident.

In August of 1982, Deputy Commissioner Sellers denied plaintiff's claim, concluding that plaintiff did not sustain an injury by accident within the meaning of the Workers' Compensation Act. On 25 April 1983, the Full Commission filed an opinion and award amending the opinion and award entered by Deputy Commissioner Sellers by striking certain findings of fact and conclusions of law and inserting in lieu thereof findings and conclusions to the effect that plaintiff did sustain an injury by accident arising out of and in the course of her employment. The Full Commission ordered defendants to pay all medical expenses incurred by plaintiff as a result of the injury, awarded an attorney's fee to plaintiff equal to 25% of the amount of compensation due to plaintiff, ordered that if the parties were unable to agree on the amount of compensation due for temporary total and permanent partial disability, then the case should be rescheduled for hearing on the amount of compensation, and ordered defendants to pay costs. From the opinion and order by the Full Commission, defendants appeal.

*Wilson & Kastner, by James L. Wilson, for plaintiff-appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bernhardt, Jr. and Caroline Hudson, for defendant-appellants.*

EAGLES, Judge.

Defendants assign as error the Industrial Commission's finding and conclusion that plaintiff sustained an injury by accident arising out of and in the course of her employment. Defendants contend that the finding and conclusion are not supported by competent evidence in the record and are therefore erroneous and contrary to law. We do not agree.

Findings of fact made by the Commission are conclusive on appeal when supported by competent evidence, even when there is evidence to support a contrary finding of fact. *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982). We must therefore determine whether there is competent evidence to support the Full Commission's Finding of Fact Number 3. It reads: "On December 21, 1979 plaintiff sustained an injury by accident arising out of and in the course of her employment."

We note that the Full Commission's Finding of Fact Number 3 is, by its terms, a conclusion of law. However, our Supreme Court has held that "[w]hether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings." *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 506, 293 S.E. 2d 807, 809 (1982), citing *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E. 2d 676, 678 (1980). Here, the evidence is sufficient to support the Full Commission's finding of fact.

In our review, we first consider whether the injury suffered by plaintiff was the result of an accident. The term accident, as used in the Workers' Compensation Act, has been defined as, (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. *O'Mary v. Land Cleaning Corp.*, 261 N.C. 508, 510, 135 S.E. 2d 193, 194 (1964).

Here, there was medical testimony that an airline flight exposed plaintiff to a condition (fluctuating cabin pressure) capable

of producing the unexpected consequences of a fistula. Clearly this was an unlooked for and untoward event which was neither expected nor designed by the plaintiff. Further, Dr. Robert Lawrence testified that such change in cabin pressure in the airplane could cause a fistula and that since plaintiff's "symptoms were not there before the flight and occurred during and were present after then, it would have to occur at that time . . . I would have to date it to that very time." This evidence supports the Full Commission's finding of an accidental injury.

We next consider whether this accidental injury arose out of and in the course of plaintiff's employment. Defendants concede that it did. Plaintiff's evidence consisted of testimony that 21 December 1979 was the first time she had flown on a commercial airliner for her employer and that this flight was an interruption of her normal work routine. This, combined with the medical testimony, is sufficient to support a finding that the accident "arose out of" plaintiff's employment. See *Lefler v. Lexington City Schools*, 60 N.C. App. 194, 298 S.E. 2d 404 (1982).

We hold that there was sufficient evidence to support the Commission's finding and conclusion that plaintiff sustained an injury by accident arising out of and in the course of her employment.

Affirmed.

Judges ARNOLD and WHICHARD concur.