DAVID O'MARY v. LAND CLEARING CORPORATION AND FIDELITY & CASUALTY COMPANY OF NEW YORK.

(Filed 25 March 1964.)

**1. Master and Servant § 53—**

To establish a claim under the Workmen's Compensation Act claimant has the burden of proving that he sustained an injury by accident arising out of and in the course of his employment.

**2. Same—**

Plaintiff's evidence to the effect that while he was walking over cleared land in the usual and customary manner in the performance of his duties he felt a stinging on his right foot, discovered a blister on his toe, and that later the blister became infected, resulting in serious injury, *held*, not to show that the injury resulted from an accident within the meaning of the Workmen's Compensation Act.

**3. Appeal and Error § 61; Constitutional Law § 10—**

An interpretation consistently and repeatedly given a statute by the Court constitutes a part of the statute and any change in such interpretation must be effected by the Legislature, and if the Legislature does not do so the interpretation of the Court must be considered in accord with the legislative intent.

APPEAL by plaintiff from *Parker, J.,* October Civil Session 1963 of HALIFAX.

Proceeding under Workmen's Compensation Act, G.S. Chapter 97, Article 1. The requisite jurisdictional facts were stipulated. The only controversy is whether plaintiff suffered a compensable injury. Findings of fact and conclusions of law, made initially by the hearing (deputy) commissioner, together with his "award" (order) denying plaintiff's claim for compensation, were adopted, upon plaintiff's appeal, by the full commission; and, upon plaintiff's further appeal, the court entered judgment affirming the action of the full commission. Plaintiff excepted and appealed.

*Allsbrook, Benton & Knott for plaintiff appellant.*
*Teague, Johnson & Patterson for defendant appellees.*

BOBBITT, J. The one question presented by plaintiff's appeal is stated in his brief as follows: "Were the facts found by the North Carolina Industrial Commission sufficient to support the judgment of the Superior Court which affirmed that the plaintiff's injury on August 10, 1961 did not constitute an accident within the meaning of the North Carolina Workmen's Compensation Act?"

The pertinent findings of fact are set out verbatim in the following numbered paragraphs:

O'MARY v. CLEARING CORP.

"1.   That the plaintiff employee went to work for the defendant employer on August 4, 1961, as a foreman, with eight men under him, and that he was employed to direct these men in clearing up land which had been recently cut through.

"2.   That the plaintiff, in the course of directing his crew, walked through the land which was being cleared and this was rough and rugged land, up and down hills; that the land was rough and rugged due to the fact that it had been recently cleared by means of bulldozing; that the plaintiff did no clearing himself, his job was to supervise colored laborers who were working under him.

"3.   That the plaintiff was wearing his own clothes, including a pair of combat shoes which he had bought the previous winter, with socks on his feet; that the shoes were a good fit and were in good condition.

"4.   That on or about August 10, 1961, in the morning, the plaintiff felt a stinging in his right foot, pulled off his shoe and found a broken blister on the second toe of his right foot; that the plaintiff put his sock back on, put his shoe on, and walked the remainder of the day; that he went home and applied salve to the area of the blister which he had purchased from a drug store; that the toe looked bloody and the salve did not help.

"5.   That August 10, 1961, was a Thursday; that due to union troubles the plaintiff did not return to work until the following Tuesday but was unable to walk because of the pain in his toe, left the job and consulted Dr. Hall of Roanoke Rapids, North Carolina."

In brief summary, subsequent findings of fact are as follows:

The toe became infected. On account thereof, the toe was amputated on November 11, 1961; and on January 16, 1962, a second operation was performed in which "the bone underlying the second toe," in the area of the instep of the right foot, was "excised." It was stated (as a conclusion of law) "that the plaintiff suffered considerable temporary total disability and a permanent partial disability of eighteen per cent of the right foot."

" 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident." G.S. 97-2(6).

To establish a compensable claim, the burden was on plaintiff to prove he sustained an injury by accident arising out of and in the course of his employment. *Matthews v. Carolina Standard Corp.*, 232

N.C. 229, 233, 60 S.E. 2d 93; *Lewter v. Enterprises, Inc.,* 240 N.C. 399, 403, 82 S.E. 2d 410.

The denial of compensation was based on the legal conclusion that plaintiff's injury was not *by accident.* Plaintiff challenges this legal conclusion. The question is whether the facts found establish *an injury by accident.*

In *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109, *Higgins, J.,* in accordance with cited decisions, said: "The . . . Act does not provide compensation for injury, but only for injury by accident. G.S. 97-2(6). The term 'accident' as used in the Compensation Act has been defined by this Court as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." In *Slade v. Hosiery Mills,* 209 N.C. 823, 825, 184 S.E. 844, decided in 1936, this Court, in opinion by Stacy, C.J., said: "Death from injury by accident implies a result produced by a fortuitous cause. . . . There must be an accident followed by an injury by such accident which results in harm to the employee before it is compensable under our statute." Absent accident (fortuitous event), death or injury of an employee while performing his regular duties in the "usual and customary manner" is not compensable. *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289, and cases cited; *Holt v. Mills Co.,* 249 N.C. 215, 105 S.E. 2d 614; *Turner v. Hosiery Mill,* 251 N.C. 325, 111 S.E. 2d 185; *Harding v. Thomas & Howard Co., supra; Byrd v. Cooperative,* 260 N.C. 215, 132 S.E. 2d 348.

The facts stated in the Commission's findings do not disclose any fortuitous event. Nor do they show plaintiff was performing his duties on August 10, 1961, otherwise than in the usual and customary manner. Hence, they do not show an "injury by accident" within the meaning of that phrase as interpreted by this Court.

Plaintiff cites decisions from other jurisdictions. Each cited decision and others from the same jurisdiction and pertinent statutory provisions have been considered. However, discussion thereof would serve no useful purpose.

In *Hensley,* this Court, in opinion by *Rodman, J.,* said: "We are aware that the interpretation given to our statute does not harmonize with the interpretation given by a majority of the courts to the compensation statutes of their States." Again: "If the question was now presented for the first time, we would feel at liberty to give more consideration to the reasoning of the cases which reach conclusions differing from our own, but we are not 'dealing with a new question. Twenty years and more ago the Court placed its interpretation on the Act. Except for the *dicta* to be found in the opinion by *Justice Seawell* in

the case of *Smith v. Creamery Co.*, (217 N.C. 468, 8 S.E. 2d 231), the language used as well as the conclusions reached have supported the interpretation *that injury and accident are separate and that there must be an accident which produces the injury before the employee can be awarded compensation."* (Our italics). Again: "The interpretation so consistently given to the statute is as much a part of the statute as if expressly written in it. We have no right to change or ignore it. If it is to be changed, it must be done by the Legislature, the law-making power. If, in its wisdom, a change is desirable, it can readily do so."

The subject having been called to the attention of the General Assembly by *Rodman, J.,* in *Hensley,* and again by *Higgins, J.,* in *Harding,* it must be considered that, unless and until the statute is amended, the interpretation placed by this Court upon the phrase, "injury by accident," is in accord with the legislative intent.

Affirmed.