WILLIAM DAVID RHINEHART, Employee, v. ROBERTS SUPER MARKET, INC., Employer, and FIDELITY & CASUALTY CO. OF NEW YORK, Carrier.

(Filed 11 October, 1967.)

**Master and Servant §§ 63, 93—**

Evidence tending to show that an employee, while engaged in moving cases of soup in the ordinary manner and free from confining or otherwise exceptional conditions and surroundings, suffered a back injury which was accentuated by a congenital condition, *held* insufficient to support a finding that the injury resulted from an accident within the purview of the Workmen's Compensation Act, and the finding to the contrary by the Industrial Commission must be reversed.

APPEAL by defendants from *Jackson, J.;* at the 2 January 1967 Non-Jury Session of GASTON.

This is a claim under the Workmen's Compensation Act. The sole question is whether the plaintiff sustained an injury by accident arising out of and in the course of his employment. The Hearing Commissioner found that he did and issued an award directing the defendants to pay compensation for disability, medical expenses and counsel fees. This was affirmed by the Full Commission and by the superior court on appeal to it by the defendants. The following is a summary of the evidence bearing upon that question:

The plaintiff was employed in the supermarket as a stock boy. His duties included building displays and carrying out groceries. On the occasion of his alleged injury, he and another employee were building a display of cans of soup and were in a hurry. To do this they moved about 50 cases containing cans of soup from the stockroom to the front of the store. Each case weighed approximately 48 pounds and its dimensions were 18 inches by 12 inches by 10 inches. To so move the cases they used a four-wheel cart, which they called a float.

In the stockroom the plaintiff picked up the cases one at a time, and handed or tossed each to his co-employee, who placed it upon the float. The loading of the float being virtually completed, the plaintiff stooped to pick up the last or next to the last case from the floor, lifted it, turned and handed or threw it to his companion, who was standing almost behind him. When he did so, he felt a sharp pain in his back. He reported the injury to his superior and then he and his companion went ahead and completed the construction of the display.

Usually, the plaintiff loaded the float by himself, bending over to pick up the cases and placing them on the float. The only thing unusual about the handling of the case at the time of the alleged injury was that in this instance, after lifting the case from the floor, he turned around to hand or toss it to his companion. His duties frequently required him to pick up boxes heavier than the cases handled on this occasion.

The attending physician diagnosed the claimant's condition as spondylolisthesis, a forward displacement of a lumbar vertebra. This is a congenital condition, but the testimony of the physician was that it could have been "affected" and "precipitated" by the above described actions in the store. An interior spine fusion was performed for this condition.

*Fairley, Hamrick, Hamilton & Monteith for defendant appellants.*
*Whitener & Mitchem for claimant appellee.*

RHINEHART *v.* MARKET.

PER CURIAM. Except in the case of certain occupational diseases, compensation may not be awarded under the Workmen's Compensation Act unless there is proof of a disability due to an injury, which injury was the result of an accident arising out of and in the course of the employment. G.S. 97-2(6). A finding by the Industrial Commission that the claimant sustained such an injury is conclusive upon an appeal to the courts if, but only if, the Commission had before it competent evidence sufficient to support such a finding. *Lawrence v. Mill,* 265 N.C. 329, 144 S.E. 2d 3.

The terms "injury" and "accident," as used in the Act, are not synonomous. "Absent accident (fortuitous event), death or injury of an employee while performing his regular duties in the 'usual and customary manner' is not compensable." *O'Mary v. Clearing Corp.,* 261 N.C. 508, 135 S.E. 2d 193. An accident, as the term is used in the Act, is "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109. While there need be no appreciable separation in time between the accident and the resulting injury, *Keller v. Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342, there must be some unforeseen or unusual event other than the bodily injury itself.

In *Keller v. Wiring Co., supra,* the claimant was standing in a narrow ditch when, in the course of his employment, it became necessary for him to lift and, with a twisting motion, throw out of the ditch a heavy rock. The twist, under these circumstances, was deemed an accident from which the injury resulted.

Here, the evidence points inescapably to the conclusion that the claimant was doing what he expected to do and was employed to do, was doing it in the ordinary manner, and was free from confining or otherwise exceptional conditions and surroundings. There was nothing unforeseen or unexpected except the injury itself. Thus, the evidence is not sufficient to support the finding that there was an injury by an accident. The court erred in affirming the award of the Commission.

Reversed.