LUTHER L. SMITH, EMPLOYEE v. BURLINGTON INDUSTRIES, INC., EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 7727IC105

(Filed 17 January 1978)

Master and Servant § 65.2 — lifting spray bars — back injury — no accident
 The Industrial Commission properly concluded that plaintiff's back injury did not result from an accident within the meaning of the Workmen's Compensation Act where the evidence tended to show that plaintiff was changing cold spray bars, his customary work, in the usual way when he suffered low back pain which resulted from a ruptured disc.

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 29 December 1976. Heard in the Court of Appeals 29 November 1977.

This is a claim for benefits under the Workmen's Compensation Act for injury suffered by plaintiff while in the employ of defendant Burlington Industries, Inc.

The facts surrounding plaintiff's injury are undisputed and were contained in an Option and Award filed by Deputy Commissioner J. C. Rush on 5 October 1976. These facts can be summarized, briefly, as follows: Since June, 1973, plaintiff had been a training instructor for defendant Burlington Industries, Inc. His duties involved training other employees to operate sanforizer machines. On occasion this involved the changing of cold spray

bars, a part of these machines. These cold spray bars are made of solid brass, weigh about fifteen pounds, and have dimensions of approximately five inches by eight inches, by two and one-half inches. On 12 Januray 1976, plaintiff was working the third shift, and at about 2:00 a.m. had occasion to change a set of two cold spray bars. After installing new or clean bars, plaintiff picked up the dirty bars, one in each hand, and while lifting them turned or twisted to place them on a bench to his left. While executing this turning or twisting movement, plaintiff felt a pain in his lower back and dropped the two bars. Plaintiff's condition was ultimately diagnosed as a ruptured disc, which was surgically removed. Plaintiff sustained a fifteen percent permanent partial disability of the back as a result of this injury.

The Deputy Commissioner also found as facts that at the time in question, plaintiff was performing his customary work in the usual way, and that the injury did not result from an "accident" as defined in the Workmen's Compensation Act, G.S. 97-2(6). Thus the Deputy Commissioner concluded that plaintiff was not entitled to benefits under the Act, and denied his claim.

Plaintiff appealed to the full Commission, and following a hearing, the Commission adopted as its own the Opinion and Award of the Deputy Commissioner in its entirety, and affirmed the results reached therein.

From the decision of the Industrial Commission, plaintiff appealed.

*Roberts, Caldwell and Planer, by Joseph B. Roberts III, for plaintiff.*

*Mullen, Holland & Harrell, by Graham C. Mullen, for defendants.*

BROCK, Chief Judge.

The sole question on this appeal is whether plaintiff's injury resulted from an accident within the meaning of the Workmen's Compensation Act. The Industrial Commission answered the question in the negative, and we are constrained to affirm its decision.

Findings of fact by the Industrial Commission are conclusive and binding on appeal if supported by competent evidence, even though the record contains evidence that would support contrary

Smith v. Burlington Industries

findings. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971). In the instant case the Commission adopted the Deputy Commissioner's findings that, *inter alia*,

"4. At the time in question, the plaintiff was performing his customary work in the usual way at the time he felt a pain in his low back.

\* \* \*

9. . . . The injury did not result from an accident as the word 'accident' is defined with reference to the Workmen's Compensation Act, as there was no interruption of the plaintiff's work routine, and he was merely performing his usual and normal duties in the customary manner."

There was competent evidence before the Commission that it was not unusual for plaintiff to handle cold spray bars and that at the time of his injury he was doing nothing different or unusual from that which he was accustomed to doing. In cases of this sort involving back injury, "the elements constituting accident are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Pardue v. Tire Co.*, 260 N.C. 413, 415, 132 S.E. 2d 747, 748 (1963). The findings by the Commission that these elements were absent at the time of plaintiff's injury are supported by the evidence.

Plaintiff relies on a line of cases allowing recovery where the employee suffered back injury or hernia while lifting or performing his duties in an unusual position or from confining or otherwise exceptional surroundings. *See, Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342 (1963); *Rhinehart v. Market*, 271 N.C. 586, 157 S.E. 2d 1 (1967) (dicta); *Dunton v. Construction Co.*, 19 N.C. App. 51, 198 S.E. 2d 8 (1973). However, to the extent that the results in those cases differ from that of the instant case they are factually distinguishable in that the employee was performing an unusual task or was in an unusually twisted, cramped, or awkward position. *See, Pulley v. Association*, 30 N.C. App. 94, 226 S.E. 2d 227 (1976). Plaintiff argues that he was in a confined area approximately twenty-one inches wide. We cannot say that this circumstance constituted an unusual or exceptional circumstance so as to rebut the Commission's finding based upon

competent evidence that plaintiff was performing his customary work in the usual manner.

The decision of the Industrial Commission denying plaintiff's claim is

Affirmed.

Judges MARTIN and CLARK concur.