CATHERINE B. PORTER v. SHELBY KNIT, INC., EMPLOYER AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 7910IC393

(Filed 1 April 1980)

1. **Master and Servant § 55.3— worker's compensation—back injury while removing rod from cloth—accident**

    The Industrial Commission properly determined that plaintiff suffered an injury by "accident" within the meaning of the Worker's Compensation Act where the evidence supported findings by the Commission that plaintiff, in the course of her duties as a knitter, was pulling a rod out of a roll of cloth; this activity was a part of plaintiff's regular and customary job; on this occasion, the withdrawal of the rod was more difficult than usual because the roll of cloth was "extra tight"; and the extraordinary effort plaintiff exerted in her attempt to withdraw the rod injured her back and caused an onset of pain.

2. **Master and Servant § 69.1— temporary total disability—sufficiency of evidence**

    A determination by the Industrial Commission that plaintiff was temporarily totally disabled was supported by plaintiff's evidence of her medical treatment involving complete bed rest and subsequent hospitalization, i.e. her total incapacity to work and to earn wages.

Porter v. Shelby Knit, Inc.

APPEAL by defendant from Opinion and Award of the North Carolina Industrial Commission filed 11 January 1979. Heard in the Court of Appeals 3 December 1979.

This is a claim for benefits under the Workers' Compensation Act for injuries suffered by plaintiff on 19 October 1976 while she was an employee of the defendant, Shelby Knit, Inc. The case was heard before Deputy Commissioner Dandelake on 21 April 1978. The parties stipulated that on the occasion of the alleged injury by accident the relationship of the employer and employee existed between plaintiff and defendant employer.

The evidence tended to show the following: Plaintiff had been employed for almost one year at the Shelby Knit plant in Shelby, North Carolina as a knitter. In addition to knitting, her duties included "doffing", a task which entailed pulling rods from rolls of cloth. On 19 October 1976, plaintiff reported to work at 11:00 p.m. for the third shift. That night she had four machines to doff. After doffing two of the machines, plaintiff started to doff the third. She testified on direct examination:

> The rod was hard to pull out, unusually hard and I strained. I had to put my knees around it and pull up on the rod and when I did, all this pain came up in my spine.

> \* \* \*

> On this particular machine sometimes you could pull the rod out yourself and this night it seems like it was extra hard to pull out, but if it slips out, you can get it out, so I had to strain to get it out and I pulled it out myself. Some nights we have to call for [doff men] to help pull it out, but it was unusually hard to get out that night, extra tight . . . .

> \* \* \* \*

> I did not have anybody help pull it out because everyone was as busy as I was. We check our machines and do our own work. I did not call anybody because once you started to pull it, if it slips a little you feel like you can get it out, so you wrap your legs around it. You throw your leg on, or your knee and pull the rod out.

On cross-examination plaintiff testified that that particular machines was sometimes easy to doff and sometimes hard: "It

was hard to pull out more times than it was easy to pull out." However, she stated that the night the injury occurred, it was "extra hard," and the doff men were not there. Plaintiff used the same procedure which she usually used. Following the incident, plaintiff continued to experience pain in her back but continued to work through the shift. When she consulted a physician, he placed her in the hospital on 8 November 1976 for four weeks. In late November 1976 she had an operation for a ruptured disc and remained in bed until mid-February 1977. Plaintiff has not worked since 4 November 1976.

The Deputy Commissioner made findings of fact and conclusions of law denying compensation on the ground that plaintiff did not sustain an injury by "accident" within the meaning of G.S. 97-2(6). On appeal, the full Commission set aside the deputy commissioner's opinion and award and substituted its own findings of fact. Based on these findings it concluded that on 19 October 1976 plaintiff suffered an injury by accident arising out of and in the course of her employment and that, as a result of that injury, she became totally disabled on 3 November 1976. Defendant was ordered to pay plaintiff compensation at the rate of $85.97 per week for the period beginning 3 November 1976, to continue until plaintiff reaches maximum improvement. From this Opinion and Award, defendant Shelby Knit, Inc. appeals.

*Lamb & Bridges, P.A., by Forrest Donald Bridges for plaintiff appellee.*

*Mullen, Holland & Harrell, P.A., by Thomas A. Robinson for defendant appellant.*

PARKER, Judge.

Under the North Carolina Workers' Compensation Act, an injury arising out of and in the course of employment is compensable only if that injury was caused by an "accident," which must be a separate event preceding and causing the injury. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968); *Rhinehart v. Market,* 271 N.C. 586, 157 S.E. 2d 1 (1967); *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289 (1957). The initial question raised by defendant employer on this appeal is whether the Commission properly found that plaintiff's injury resulted from such an "accident."

[1] Defendant's first contention is that the evidence does not support the Commission's Findings of Fact Nos. 2 and 6. Finding of Fact No. 2 of the full Commission's Opinion and Award recites:

2. On 19 October 1976 the plaintiff, in the course of her duties, was pulling a rod out of a roll of cloth, this activity a part of the plaintiff's regular and customary job. On this occasion, the withdrawal of the rod was more difficult than usual. The extraordinary effort the plaintiff exerted in her effort to withdraw the rod injured her back and caused an onset of pain. Plaintiff continued to work with difficulty due to pain until 3 November 1976.

Finding of Fact No. 6 of that Award reads:

6. Plaintiff suffered 19 October 1976 an injury by accident arising out of and in the course of her employment. As a result, she became totally disabled 3 November 1976.

If there was any competent evidence before the Commission to support these findings they are, of course, conclusive on this appeal. *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963); *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951).

As to Finding of Fact No. 2, plaintiff stated several times in her testimony before the Deputy Commissioner that although the rods were sometimes hard to pull out, the night the injury occurred it was "extra hard" or "unusually hard" to doff that particular machine because it was "extra tight." She stated, that as a result, "I had to strain to get it out." Plaintiff placed her knees around the roll of cloth, pulled up on the rod and experienced pain in her spine such that she could hardly move. Although plaintiff admitted that she was doing what she normally did when a rod was hard to pull out and that this was part of her normal job, this testimony did not contradict that concerning the extra strain which she exerted to pull the rod out of that machine. Further, although defendant offered into evidence a statement made by plaintiff and recorded by defendant's insurance carrier's claim supervisor while plaintiff was hospitalized in which plaintiff stated that several of the machines were hard to doff on the night the injury occurred, the weight to be accorded that evidence was for the Commission to determine. The Commission merely chose to rely on plaintiff's testimony before the hearing examiner, and that testimony was sufficient to support Finding of Fact No. 2.

As to Finding of Fact No. 6, we also find that there was sufficient evidence to support the finding that plaintiff suffered an injury by "accident." Our Supreme Court has defined the term "accident" as used in the Workers' Compensation Act as "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Hensley v. Cooperative, supra* at 278, 98 S.E. 2d at 292; *accord, Rhinehart v. Market, supra.* The elements of an "accident" are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. *Pardue v. Tire Co.,* 260 N.C. 413, 132 S.E. 2d 747 (1963); *Faires v. McDevitt and Street Co.,* 251 N.C. 194, 110 S.E. 2d 898 (1959). Of course, if the employee is performing his regular duties in the "usual and customary manner," and is injured, there is no "accident" and the injury is not compensable. *O'Mary v. Clearing Corp.,* 261 N.C. 508, 135 S.E. 2d 193 (1964).

In support of its contention that the facts of the present case do not satisfy the requirements of injury by "accident," defendant relies upon the decision of our Supreme Court in *Hensley v. Cooperative, supra,* and of this Court in *Smith v. Burlington Industries,* 35 N.C. App. 105, 239 S.E. 2d 845 (1978). In *Hensley,* the plaintiff had been employed for two and one-half years to "turn chickens". His duties required him, while standing, to twist and pick up a wire basket containing six chickens and then to return to a normal position and dip the basket in hot water. On one occasion, he twisted as usual and suffered an injury. On appeal from an award of the Industrial Commission granting compensation, the Supreme Court reversed on the grounds that there was no evidence of "accident" other than the injury itself.

Similarly, in the *Smith* case, the plaintiff's back was injured as he was turning to lift two brass bars. This Court held that the Commission properly denied compensation because the evidence showed that plaintiff was doing nothing unusual or different at the time of his injury.

We find each of the above cases distinguishable from that now before us. In each case, the injured employee was performing his usual duties at the time the injury occurred, and there was no extra exertion required to perform those duties at that time. That is, there was neither evidence of an interruption of the work

Porter v. Shelby Knit, Inc.

routine nor the introduction of unusual circumstances. In the present case, both of those elements are present. There is competent evidence in the record that, on the occasion of plaintiff's injury withdrawal of the rod was unusually difficult because the roll of cloth was "extra tight," thus interrupting what was plaintiff's normal work routine. Further, there is competent evidence that the effort which plaintiff exerted was unusual. Our Supreme Court has recognized that evidence of the necessity of extreme exertion is sufficient to bring into an event causing an injury the necessary element of unusualness and unexpectedness from which accident may be inferred. *Jackson v. Highway Commission, supra; Gabriel v. Newton,* 227 N.C. 314, 42 S.E. 2d 96 (1947). Thus, the Commission was warranted in finding as a fact and concluding as a matter of law that plaintiff suffered an injury "by accident" on 19 October 1976.

[2]  In its Finding of Fact No. 6, the Commission also found that plaintiff became totally disabled 3 November 1976. Plaintiff testified that on 4 November 1976 she consulted a surgeon in Shelby, and after a few days of rest entered the hospital for four weeks. The day after Thanksgiving 1976 plaintiff underwent an operation, and after she returned home on 4 December 1976 she remained in bed until mid-February 1977. During that time she was not employed. As used in the Workers' Compensation Act, the term "disability" means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of injury. G.S. 97-2(9); *see, Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971). Although there is a one-day discrepancy between evidence in the record as to the exact date plaintiff ceased work because of her injury and the date referred to in the Commission's findings, that discrepancy is not crucial to the finding of total disability. That finding is adequately supported by plaintiff's evidence of her medical treatment involving complete bed rest and subsequent hospitalization, i.e. her total incapacity to work and to earn wages, and that finding in turn supports the Commission's award of compensation. As the Commission itself noted, the record is silent on the question of what date, if yet, plaintiff reached maximum recovery, and on the question of her permanent partial disability, if any. For this reason, the case must be remanded for further hearings on these questions.

That portion of the opinion and award of the full Commission determining plaintiff's entitlement to compensation is affirmed, and the case is remanded for further hearings on the issues noted.

Affirmed in part and remanded.

Chief Judge MORRIS and Judge HILL concur.