Griffitts v. Thomasville Furniture Co.

Vacated and remanded.

Judges WHICHARD and BECTON concur.

---

GARY GRIFFITTS, EMPLOYEE v. THOMASVILLE FURNITURE COMPANY, EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 8210IC1286

(Filed 6 December 1983)

**Master and Servant §§ 55.1, 68— workers' compensation—failure to show occupational disease or injury by accident**

The Industrial Commission properly concluded that plaintiff had failed to show that he had sustained an injury by accident as defined in G.S. 97-2(6) and 97-52, and that plaintiff did not have an occupational disease as defined in G.S. 97-53(13) where the evidence tended to show that plaintiff's degenerative disc condition did not relate to his employment and that the herniation of plaintiff's disc was precipitated by lifting and twisting as part of plaintiff's normal work routine. G.S. 97-2(18).

APPEAL by plaintiff from the Industrial Commission. The opinion and award of the Full Commission was filed on 12 August 1982. Heard in the Court of Appeals 26 October 1983.

Plaintiff made a claim for workers' compensation after experiencing lower back pain on 28 August 1980. He had suffered from back pain prior to that date, but felt increased pain after handling heavy lumber during the course of his employment on 28 August 1980. Medical testimony revealed that plaintiff had degenerative disc disease and a herniated disc.

For many years prior to 1980, plaintiff had engaged in bending and lifting work for defendant-employer. He had also done bending and lifting work in connection with his farming and gardening activities outside the course of his employment. Plaintiff was performing his usual job in normal manner on 28 August 1980 when his back pain flared up.

Chief Deputy Commissioner Shuford held that plaintiff was not entitled to workers' compensation benefits. His findings of fact included the following statements to which no exception was taken.

. . .

4. On 28 August 1980 plaintiff again started having pain in his back while doing his routine job of repetitive lifting and twisting. . . .

5. On 7 October 1980 plaintiff consulted Dr. Marc Kadyk, orthopedic surgeon of Boone. Plaintiff had herniated disc at the L5, S1 level. This herniation was precipitated by plaintiff's lifting and twisting activities while working for defendant employer on 28 October [sic, August] 1980. Plaintiff had an underlying degenerative disc condition. The disc involved had degenerated from the time plaintiff was born until the time of herniation and the degenerative condition was hastened by plaintiff's various types of physical activities through the years.

Commissioner Shuford concluded from these and other findings that plaintiff did not sustain an injury by accident as defined in G.S. § 97-2(6) and § 97-52, and that plaintiff did not have an occupational disease as defined in G.S. § 97-53(13).

The Full Commission affirmed and adopted Commissioner Shuford's opinion and award, with one commissioner dissenting. Plaintiff appealed.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Henry N. Patterson, Jr., and Jonathan R. Harkavy, for plaintiff.*

*William G. Mitchell for defendant.*

WELLS, Judge.

The Industrial Commission's findings are conclusive on appeal when supported by competent evidence. *Hilliard v. Apex Cabinet Co.,* 305 N.C. 593, 290 S.E. 2d 682 (1982). Of course, the Commission's conclusions of law fall within the scope of appellate review. *Id.* Commissioner Shuford's findings recited above are supported by competent evidence; namely, the testimony of plaintiff and Dr. Kadyk. These findings in turn support the conclusions of law that plaintiff did not sustain an injury by accident or occupational disease. Consequently, the opinion and award must be affirmed.

The evidence and findings indicate plaintiff suffered from two different, although related, ailments. The first was his degenerative disc condition. Dr. Kadyk testified that disc degeneration occurs naturally in everyone as they age. The rate of degeneration differs from person to person for reasons difficult to ascertain. The medical testimony expressly failed to establish a causal link between plaintiff's employment and his degenerative disc condition: "There is no way to tie the degenerative part in and relate it to employment."

Degenerative disc condition is not listed specifically in the schedule of compensable occupational diseases. G.S. § 97-53. The catch-all provision defines occupational disease as, "Any disease . . . which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment." G.S. § 97-53(13). The Commission's conclusion that plaintiff did not have an occupational disease is correct as to the degenerative disc condition since the condition was not shown to be "characteristic of and peculiar to" plaintiff's employment. There can be no compensation without a connection between the disease and the employment. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981).

For the same reason, plaintiff's degenerative disc condition fails to meet the statutory definition of a compensable injury by accident. G.S. § 97-2(6) defines "injury" as "only injury by accident arising out of and in the course of employment . . ." Moreover, the degenerative disc condition was a gradual deterioration occurring over years, which is excluded from the definition of "accident" in G.S. § 97-52.

The evidence and findings also indicate that plaintiff's main ailment, herniation of the disc, was precipitated by lifting and twisting done around 28 August 1980 as part of plaintiff's normal work routine. Because the disc herniation did not result from any unusual stress, we are constrained to hold that it was not an injury by accident. Injury by accident under G.S. § 97-2(6) means an injury caused by an unusual, unexpected interruption of the normal work routine. *Adams v. Burlington Industries, Inc.*, 61 N.C. App. 258, 300 S.E. 2d 455 (1983); *Porter v. Shelby Knits, Inc.*, 46

N.C. App. 22, 264 S.E. 2d 360 (1980). *Adams* and *Porter* were both ruptured disc cases in which the employees received compensation because they placed abnormally great stress on their backs, thereby causing an injury by accident. Because plaintiff in the present case did not perform any unusual job activity that could have caused abnormal stress on his back, the Commission properly concluded that he did not sustain an injury by accident.

Nor does plaintiff's herniated disc qualify as an occupational disease under G.S. § 97-53(13). A rupture or hernia is an injury, not a disease. Past cases of this court have viewed herniated discs as injuries by accident instead of occupational disease. *See, e.g., Adams v. Burlington Industries, Inc., supra; Porter v. Shelby Knits, Inc., supra.* Moreover, G.S. § 97-2(18) states that,

. . .

In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Industrial Commission:

a. That there was an injury resulting in hernia or rupture.

. . .

d. That the hernia or rupture immediately followed an accident.

This statute requires proof of an accident causing the hernia before workers' compensation benefits may be paid, thus making the clear legislative intent that hernias be compensated only as accidental injuries and not as an occupational disease.

Evidence that plaintiff's disc rupture was made more predictable due to the diseased condition of his spine does not support a different result. For the reasons stated, the order of the Commission must be and is

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.