I.C. File Nos. 315811 and 259918, each involving the same employee but different employers, were heard together by Deputy Commissioner Dillard and were similarly scheduled before the Full Commission. Deputy Commissioner Dillard, however, issued a separate Opinion and Award for each file. At this time, the Full Commission ORDERS that these files be CONSOLIDATED and that a single Opinion and Award be entered by the Full Commission.
* * * * * * * * * * * *
The Full Commission has reviewed these prior Opinion and Awards based upon the record of the proceedings before Deputy Commissioner Roger L. Dillard, Jr. The appealing party has not shown good ground to reconsider the evidence or to receive further evidence. However, due to the consolidation of these claims for disposition, minor structural and non-substantive modifications have been made.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff and defendant-employer Revco Drugs on 10 February 1992 and plaintiff and defendant-employer Roses Stores on 19 February 1993, were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer Revco on 10 February 1992 and with defendant-employer Roses on 19 February 1993.
3. Defendant-employer Revco Drugs is self-insured.
4. Fireman's Fund Insurance Company was the carrier on the risk on 19 February 1993, and Alexsis, Incorporated administered this claim on its behalf.
5. Plaintiff and defendant Revco stipulate that; all parties are properly before the Industrial Commission; the Industrial Commission has jurisdiction over the parties and subject matter; and all parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
6. Plaintiff is not asserting a claim for temporary total disability benefits based on his claim against defendant-employer Revco.
7. Plaintiff and defendant-employer Roses agree to stipulate that with respect to this defendant-employer, plaintiff has been paid all temporary total disability benefits to which he is entitled and that he is not owed any temporary total disability benefits over and above what he has already received. Plaintiff further stipulates that no medical bills remain as of the date of the hearing, and therefore, the only issue for determination before the Commission relating to this defendant is the extent of any permanent partial disability retained by plaintiff as a result of the injury of 19 February 1993, if any.
8. Plaintiff and defendant-employer Roses Stores stipulate that on 19 February 1993 plaintiff sustained an admittedly compensable injury as the result of a specific traumatic incident in the course and scope of his employment, and pursuant to a Form 21 Agreement entered into by these parties, plaintiff has been paid temporary total disability compensation and his medical expenses related to treatment as the result of said injury have been paid.
9. Plaintiff and defendant-employer Revco stipulate into evidence the medical records from Henderson Family Medicine, Dr. Virginia Pact and Dr. William Lestini and a certified copy of I.C. File No. 010256.
10. Plaintiff and defendant-employer Revco stipulate that Ms. Dorothy Hayes would have testified that as she was assisting plaintiff just after he was found on the floor on 10 February 1992, he told her he had fallen. She would further testify that later that same day plaintiff told her he thought he had suffered a seizure.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In February 1992, plaintiff was a 41-year-old man employed by defendant Revco in its warehouse.
2. Plaintiff is a resident of Vance County with a medical history of seizures beginning in 1988. He also has a history of neck and shoulder injuries since, at least 1986.
3. On 19 October 1988, plaintiff suffered a cervical and shoulder strain which resulted in a ten (10) percent permanent partial disability rating to his back. Plaintiff had previously been paid for a five (5) percent rating to his back. Pursuant to an approved Industrial Commission Form 26, plaintiff was paid an additional sum for this rating.
4. On 10 February 1992 plaintiff was found on the floor of defendant's warehouse. Plaintiff stated he fell after tripping on a pallet and subsequently had a seizure. Plaintiff was found and Ms. Dorothy Hayes assisted him. Plaintiff told Ms. Hayes that he had fallen. Later the same day, plaintiff told Ms. Hayes that he thought he had suffered a seizure.
5. Plaintiff was seen for his injury at the Henderson Family Clinic by Dr. Tucker. Dr. Tucker found no visible sign of injury including broken skin. Plaintiff was diagnosed with a contusion and released to return to work.
6. Dr. Virginia Pact examined plaintiff on 13 February 1992. Dr. Pact had previously treated plaintiff for seizures, but he had not returned to Dr. Pact since 1989. At the time of the examination, it was unclear to the doctor whether the plaintiff had experienced a seizure.
7. On 28 February 1992 and 3 March 1992 plaintiff went to the Emergency Room following possible seizures. Plaintiff was seen by Dr. Pact who felt plaintiff's history regarding the episodes was vague and attributed the episodes to the patient's seizure disorder.
8. On 6 May 1992 plaintiff suffered a seizure at work after which he complained of pain in his left and right shoulders. He was seen at Maria Parham Hospital where a urine sample tested positive for marijuana. He was diagnosed with a recurrent seizure, soft tissue injury to his left shoulder and drug use. Following this injury, he returned to Dr. Pact and was diagnosed with a seizure disorder and depression.
9. In July 1992 plaintiff was terminated from his employment with defendant-employer Revco Drugs for reasons unrelated to his physical condition.
10. At the initial hearing before Deputy Commissioner Dillard, plaintiff testified that on 10 February 1992, while he was carrying a palette, a box fell and hit him on the leg. Plaintiff further testified that he fell over the box, caught himself on his hands as he was falling forward but hit his head. Two or three seconds later, plaintiff believed he had suffered a seizure. Based upon the plaintiff's demeanor and overall testimony, his testimony was not deemed credible by Deputy Commissioner Dillard. Additionally, Ms. Hayes' proposed testimony is based upon plaintiff's statement and does not clarify what occurred on 10 February 1992. As a result, there is insufficient evidence to conclude that plaintiff, in fact, fell on 10 February 1992.
11. In January 1993, plaintiff began working for Roses Department Stores. On 19 February 1993 plaintiff sustained a compensable injury to his back.
12. On 19 February 1993, the date of injury at Rose's Henderson, North Carolina retail store plaintiff was earning an average weekly wage of $236.87, yielding a compensation rate of $157.88. While so employed and on the date referred to, plaintiff was lifting boxes of detergent when he felt a pain in his neck and back and he initially sought treatment at Henderson Family Medicine and was subsequently referred to Dr. William F. Lestini of the Triangle Spine and Back Care Center, where he was primarily treated.
13. Subsequent to the date of his injury, plaintiff was paid by defendant-employer Roses for temporary total disability benefits during all of the time he was out of work and plaintiff was released to return to full duty, having reached maximum medical improvement at the time of his final visit to Dr. Lestini on 11 October 1993.
14. Plaintiff is not entitled to any additional temporary total disability benefits.
15. As of 11 October 1993, Dr. Lestini found that plaintiff had reached maximum medical improvement with no ratable condition.
16. Plaintiff retains no permanent partial disability resulting from the incident which occurred on 19 February 1993.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has the burden of establishing the he suffered an injury by accident arising out of and in the course of his employment. O'Mary v. Land Clearing Corp., 261 N.C. 508.135 S.E.2d 193 (1964); Henry v. A.C. Lawrence Leather Co., 231 N.C. 477,57 S.E.2d 760 (1950). In addition, his claim against Revco seeks compensation for disability to a part of the body which, according, to the credible evidence submitted in this matter was not injured on 10 February 1992. Inasmuch as the testimony and stipulated medical records fail to show that he suffered any compensable disability following his February 1992 injury, his claim for workers' compensation benefits as a result of the 10 February 1992 incident is denied. N.C.G.S. § 97-2 (6).
2. Plaintiff has been paid all of the temporary total disability benefits to which he is entitled as the result of the incident which occurred on 19 February 1993 in the course of his employment with defendant-employer Rose's Department Stores. N.C.G.S. § 97-29.
3. Subsequent to the incident complained of, plaintiff reached maximum medical improvement as of 11 October 1993 and retained no permanent partial disability which resulted from the incident. N.C.G.S. § 97-30.
4. Plaintiff has failed to provide sufficient evidence to prove a further entitlement to compensation benefits or medical expenses from defendants resulting from the incident of 19 February 1993. N.C.G.S. § 97-25; 29; 30.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claims must, under the law be, and are hereby DENIED.
2. Each side shall pay its own costs.
 S/ _______________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________________ COY M. VANCE COMMISSIONER