I respectfully dissent from the majority opinion herein finding that plaintiff was not injured by "accident" as defined under the Workers' Compensation Act. What constitutes an accident is often a mixed question of fact and law.
In the instant case, plaintiff worked as a certified nursing assistant. On December 28, 1992 she was assigned to work in the home of Daisy McGilliam, a patient. After breakfast the patient was able to use a walker to walk to another room. Plaintiff helped to seat the patient in a recliner. The patient suddenly became limp and unexpectedly started to slide out of her recliner feet-first toward the floor. Plaintiff grabbed hold of the patient and pulled her back up into the recliner. The patient slid out of the recliner toward the floor two more times causing plaintiff to have to catch her and pull her up again. On the third attempt as plaintiff pulled the patient back into the chair, her left arm popped and began to hurt. Plaintiff was subsequently diagnosed with tenosynovitis of the left wrist. As a result of her work injury plaintiff was incapable of earning wages from December 30, 1992 through July 15, 1993 and has a 5% permanent partial impairment to her left wrist.
The majority found that plaintiff did not sustain an injury by accident because she was doing her usual job in the usual way and that she had been trained in proper lifting techniques. They therefore concluded that the incident was not an interruption of plaintiff's regular work routine.
I disagree with the legal conclusion that plaintiff did not sustain an injury by "accident" for several reasons. Based upon the uncontroverted evidence, plaintiff's injury occurred shortly after she arrived at work on the first day of her assignment with this patient. Plaintiff was not briefed on the patient's condition. Shortly before becoming limp, the patient was able to ambulate with the assistance of a walker. Plaintiff did not expect the patient to suddenly become limp and begin to slide out of the chair toward the floor. Plaintiff had never before had a patient to suddenly go limp and slide out of a chair. Also, this was not a "lifting" incident as suggested by the majority opinion.
An accident is an unlooked for and untoward event, and a result produced by a fortuitous cause. Davis v. Raleigh RentalCenter, 58 N.C. App. 113, 292 S.E.2d 763 (1982). Plaintiff's injury resulted from grabbing the patient and "pulling" her back into the recliner to keep the patient from falling to the floor. The unforeseen event which resulted in injury to plaintiff was the patient becoming limp and unexpectedly sliding out of a chair toward the floor. Porter v. Shelby Knit, Inc., 46 N.C. App. 22,264 S.E.2d 360 (1980); Poe v. Acme Builders, 69 N.C. App. 147,316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143 (1984). This was a fortuitous cause and the resulting action of the plaintiff in grabbing and pulling the patient back into the chair caused the injury.
This incident constituted an accident within the meaning of the Workers' Compensation Act. Plaintiff has proven she suffered a compensable work injury by accident within the meaning of N.C. Gen. Stat. § 97-2(6).
For the foregoing reasons, I respectfully dissent from the majority opinion herein.
 S/ _________________ BERNADINE S. BALLANCE COMMISSIONER