The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant was self-insured with Key Risk as the adjusting agent.
4. Pursuant to the Form 22 submitted, plaintiff's average weekly wage was $267.05, which yields a compensation rate of $178.04.
5. May 27, 1994 was the date of the alleged injury.
6. Plaintiff was absent from work and did not receive any compensation, including temporary total disability and temporary partial disability between June 27 and August 31, 1994.
7. Plaintiff's medical expenses were paid.
8. The medical records, stipulated by both parties, include records from Dr. D.J. Trotter, Dr. C. Madsen, Dr. Forney Hutchinson, and Dr. Jeffrey Daily.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty year-old female, born October 1, 1969. She was married with two children, ages thirteen and seventeen. Plaintiff has an eighth grade education.
2. Plaintiff began part-time work at defendant-employer in September, 1963. Later she became full-time. Her job, a production job, was to pack clothing or other products. The packer position involved taking several different sized boxes containing goods produced by the mill and placing them into a larger box. The packer was then required to slide the boxes down a conveyor belt. Requisition orders, provided to employees, contained orders concerning the packing. Being on a production rate schedule, plaintiff was paid money in accordance with how many boxes she packed.
3. On May 27, 1994, the date of the alleged injury or commencement of occupational disease, plaintiff was in the process of re-packaging a special order of some 3,600 pieces of flannel pajamas into 900 shelf boxes. Each box was approximately one foot in length and four feet in height. Plaintiff had never packed flannel pajamas in such a large quantity before, and, according to both plaintiff and her supervisor, the order of flannel pajamas was unusual since orders for flannel materials usually did not come in during spring when defendant-employer had a limited number of packers. Flannel pajamas were considerably heavier in weight than regular pajamas.
4. Plaintiff continued to pack the special order of heavier than usual flannel pajamas. After lunch on May 27, 1994, her wrist became very painful. At the 2:30 p.m. break, plaintiff reported to her supervisor that it hurt her wrist to move it. Plaintiff had no previous problems or injuries to her wrist and had never reported an injury to her wrist before May 27, 1994.
5. On June 2, 1994, plaintiff presented to Dr. J. Trotter at Union Family Practice Clinic. Plaintiff reported that her wrist had become very painful the prior Friday, May 27, 1994. Dr. Trotter diagnosed plaintiff with tendonitis of the right wrist and prescribed a splint and anti-inflammatory medication. He did not keep plaintiff out of work and she reported back to her regular duty job. However, the pain in her wrist continued.
6. On June 16, 1994, plaintiff presented to Dr. C. Madsen. Plaintiff's wrist was x-rayed. The x-ray did not reveal any problems. Dr. Madsen, upon examination of plaintiff, found her to have a full range of motion in her wrist and normal grip strength. Dr. Madsen diagnosed plaintiff with a wrist sprain.
7. Plaintiff was next referred to Dr. Jeffrey M. Dailey, for an orthopaedic evaluation on July 15, 1994, due to plaintiff's continuing wrist pain. A bone scan, which had been taken on July 11, 1994, was completely normal. Plaintiff had negative Tinel's and Phalen's. Dr. Dailey diagnosed plaintiff as having a ligamentous strain.
8. Plaintiff, who had been taken out of work on June 27, 1994, continued out of work and was next referred to Dr. Forney Hutchinson at the Miller Orthopaedic Clinic in Charlotte, North Carolina. Dr. Hutchinson ordered an arthrogram which was conducted on August 16, 1994. There was an arthrographic abnormality, but Dr. Hutchinson could not say with any degree of certainty that the abnormality was the cause of plaintiff's pain. Dr. Hutchinson released her to return to work after August 31, 1994. Thereafter, plaintiff returned to work for defendant-employer at the same or greater wages and continued to be so employed at the time of the hearing before the Deputy Commissioner. Plaintiff was restricted to no lifting over five to ten pounds with her right hand and to no repetitive strong gripping. Dr. Hutchinson diagnosed plaintiff with a wrist sprain.
9. Dr. Hutchinson, an orthopaedic expert, found no evidence that plaintiff was suffering from tenosynovitis.
10. The causes of wrist sprain are not limited to the work place and are not limited to workers who pack materials in the textile business.
11. Plaintiff's testimony regarding the onset of her pain during the unusual packing job, which she was performing on May 27, 1994, is credible and supported by her medical records and the testimony of her supervisor.
12. Plaintiff's injury was not the result of any cumulative or repetitive type injury.
13. Plaintiff has not proven by a preponderance of the credible, admissible evidence that she sustained an occupational disease which was the result of repetitive lifting. Although Dr. Madsen indicated it was possible that plaintiff suffered from tenosynovitis, the testimony of Dr. Hutchinson, an expert in the area of hand and arm problems, is given more weight.
14. Plaintiff sustained an injury by accident as a result of the extra exertion required to pack heavy flannel pajamas which plaintiff had never packed before and which constituted an untoward event, not expected or designed by plaintiff.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not suffer from an occupational disease or suffer any injury as a result of cumulative and/or repetitive motion. N.C. Gen. Stat. § 97-53(21); Henry v. LeatherCo., 234 N.C. 126, 66 S.E.2d 693 (1951).
2. Plaintiff sustained an injury by accident as a result of unexpected and untoward events not expected by plaintiff while she was filling a special order which involved more physical exertion than that to which she was accustomed. N.C. Gen. Stat. § 97-2(6); Harding v. Thomas Howard Co., 256 N.C. 427,124 S.E.2d 109 (1962); Porter v. Shelby Knit, Inc.,46 N.C. App. 22, 264 S.E.2d 360 (1980).
3. As a result of the compensable injury, plaintiff is entitled to be compensated for temporary total disability at the rate of $178.04 per week from June 27 through August 31, 1994, during which time she was temporarily totally disabled and not capable of earning wages of any kind. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to payment by defendants for any medical expenses she incurred or will incur as a result of the injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff at the rate of $178.04 per week for the period from June 27 through August 31, 1994 for temporary total disability during the time she was not capable of earning wages of any kind. This compensation has accrued and shall be paid in a lump sum.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury by accident.
3. Defendant shall pay the costs.
This the _____ day of June, 1997.
 S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp