The undersigned have reviewed the prior Opinion and Award upon the record of the proceedings before Deputy Commissioner Hoag and the briefs and the oral argument before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer is a qualified self-insured with National Loss Control Service Corporation as the administrator.
4. 25 January 1995 is the date of the onset of plaintiff's alleged occupational injury.
5. Plaintiff's average weekly wage at all relevant times was $390.00, yielding a compensation rate of $260.13.
6. The issue to be resolved in this case is whether plaintiff contracted an occupational disease in 1995 to her right shoulder during her employment with defendant-employer.
7. The parties stipulated into evidence the following:
a. Exhibit #1, videotape
b. Exhibit #2, videotape
c. Exhibit #3, note written by Gail Branch
d. Exhibit #4, accident investigation
e. Exhibit #5, plaintiff's recorded statement
f. medical records
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a 58 year old female who has worked in defendant-employer Tultex's Dobson, North Carolina facility for approximately 18 years. The last five years of plaintiff's employment with the defendant-employer were as a collar assembler, sewing collars onto shirts. Plaintiff was still employed in that capacity at the time of the hearing before the Deputy Commissioner.
2. Plaintiff's job involved attaching collars to shirts. In the normal performance of that job, plaintiff normally picked up bundles of shirts from a bin located behind an assembly station. She then placed the bundles on the assembly table, attached the collars to the shirts, and pushed the assembled shirts off the table into another bin located in front of the assembly table. The bin containing the unassembled shirts and the assembly table are approximately three feet in height. Each bundle of unassembled shirts weighs approximately 12 pounds. Plaintiff lifted as many as eighty (80) bundles of unassembled shirts per day.
3. On 25 January 1995, plaintiff felt a pull in her right shoulder as she was picking up two bundles and throwing them onto her machine to sew.
4. Plaintiff presented to Dr. James Gray on 27 January 1995, complaining of a right shoulder injury. Physical therapy and medications (Lodine and Flexeril) were prescribed. Dr. Gray diagnosed plaintiff as having a strained right shoulder with muscle spasms.
5. On 30 January 1995, the defendant-employer filed a Form 19.
6. On 3 February 1995, defendant-employer filed a Form 61, denying compensability.
7. On 9 March 1995, plaintiff filed a Form 18 with the North Carolina Industrial Commission and a Form 33, Request for Hearing.
8. On 3 February 1995, plaintiff returned to be examined by Dr. Hall and was returned to regular work duties.
9. Plaintiff again presented to Dr. Hall on 7 February 1995, complaining of worsening pain in her right arm and shoulder. She was diagnosed with right shoulder sprain with muscle spasm. Dr. Hall advised her to do light duty work and not to use her right arm.
10. On 14 February plaintiff returned to Dr. Hall still complaining of pain to her right shoulder. An x-ray of the right shoulder was taken.
11. On 21 February 1995, after plaintiff continued to suffer pain in her right shoulder, Dr. Hall referred her to Dr. James Gillum Burke in Mount Airy.
12. According to Dr. Hall, plaintiff's injuries were work-related and caused by the activities she performed for defendant-employer in the job as a collar assembler.
13. On 22 February 1995, plaintiff presented to Dr. Burke. He diagnosed plaintiff as having post bursitis and probable right shoulder impingement syndrome.
14. Dr. Burke operated on plaintiff on 4 April 1995 and repaired a tear to her right shoulder.
15. Plaintiff returned to work for defendant-employer on 5 September 1995.
16. On 2 October 1995, plaintiff was given a 5% permanent partial disability rating by Dr. Burke to her right shoulder.
17. Plaintiff's rotator cuff problem was not an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer.
18. Plaintiff was not placed at an increased risk of developing rotator cuff problems as a result of her work activities, even though her rotator cuff problems were a proximate result of her work duties with defendant-employer.
19. On 25 January 1995, plaintiff was performing her normal work routine of lifting bundles and placing them on her work bench. Plaintiff performed her duties in her usual and customary manner, and there was no interruption in her normal work routine likely to result in unexpected consequences.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment or be the result of an occupational disease. N.C. Gen. Stat. § 97-2(6); Perry v. Bakeries Co.,262 N.C. 272, 162 S.E.2d 643 (1964).
2. If an employee is performing his regular duties in the usual and customary manner and is injured, there is no "accident" and the injury is not compensable. Porter v. Shelby Knit,Inc., 46 N.C. App. 22, 264 S.E.2d 360 (1980). Plaintiff's injury was not the result of an accident; therefore, it is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff has not proven by a preponderance of the competent, credible evidence of record that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed. N.C. Gen. Stat. § 97-53(13); Booker v.Medical Center, 297 N.C. 458, 256 S.E.2d 189 (1979).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim for benefits must be DENIED.
2. Each side shall bear its own costs.
This the ________ day of February 1999.
 S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. COMMISSIONER
S/ _____________ DIANNE C. SELLERS COMMISSIONER
LKM/jth